529 A.2d 1178

John Sherrell, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs April 8, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Henry B. Furio,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, August 13, 1987:

John Sherrell, the petitioner, appeals an order of the Pennsylvania Board of Probation and Parole (Board) which denied his request for administrative relief and ordered (1) he be recommitted as a technical parole violator to serve an unexpired term of four months and thirteen days, (2) he be recommitted as a convicted parole violator to serve six months backtime for the offense of criminal trespass and (3) his new maximum parole date be set at August 7, 1988.

Petitioner was sentenced to serve a prison term of two to five years following conviction of possession with intent to deliver in the Court of Common Pleas of Allegheny County. He was released on parole on February 2, 1985, with his maximum sentence to expire on May 6, 1986. On December 22, 1985, petitioner was arrested and charged with burglary, theft, receiving stolen property and criminal trespass. The Board lodged a detainer the next day and petitioner was detained at the State Correctional Institute at Rockview. A hearing was held on the technical violation. Because the petitioner admitted to having a knife in his possession at the time of his arrest in violation of condition # 5B, the hearing examiner recommended petitioner be recommitted to serve his unexpired term of four months and thirteen days.

Petitioner then pled guilty to criminal trespass and was sentenced to a prison term of nine to twenty-three months. A revocation hearing was then held and evidence of the guilty plea was introduced. The hearing examiner recommended he be recommitted to serve six months backtime as a convicted parole violator. The Board subsequently issued the order described above and this appeal followed.

Petitioner raised three issues on this appeal. While two are without merit, we are unable to decide the third issue because of an inadequate record. Hence, a remand is necessary.

Petitioner first argues that he was recommitted to the State Correctional Institute at Rockview in December of 1985, without a recommitment order. In *County of Allegheny v. Commonwealth*, 507 Pa. 360, 490 A.2d 402 (1985), the Court held that, because of overcrowding in the Allegheny County jail, the Commonwealth was required to take custody of prisoners within the jurisdiction of the Board. This being such a case, petitioner was only detained at Rockview; hence, no recommitment order was necessary at that point.

Petitioner next argues that the order recommitting him as both a convicted and technical parole violator was prohibited by the Supreme Court's decision in *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985). Suffice it to say that possession of a knife has nothing to do with the crime of criminal trespass so that *Rivenbark* and its progeny are inapplicable.

Finally, petitioner argues that the Board incorrectly computed his new maximum parole date. Petitioner's argument in this regard is somewhat unclear and the Board's brief, rather than explaining why the computation is correct, only muddies the waters even more. After properly explaining that *Young v. Pennsylvania Board of Probation and Parole*, 487 Pa. 428, 409 A.2d 843 (1979), requires the Board to deny credit to a convicted parole violator for time spent at liberty on parole, the Board states:

> At first blush it may appear that postponing the expiration date of the two to five year sentence from May 6, 1986 to July 5, 1988 was not warranted by the amount of time Sherrell spent

at liberty on parole between his last release date of February 2, 1985 and his recommitment date of August 7, 1986. However, Sherrell had spent time at liberty on parole from the two to four year sentence before February 2, 1985 and also lost credit for that period upon his recommitment as a convicted violator on August 7, 1986.

(Brief of the Board, page 11.) This is the total explanation given by the Board and, try as we may, we are unable to understand the Board's point. Furthermore, the Board mentions a two to four year sentence which is mentioned nowhere in the record. Given this state of confusion, we see no alternative except to remand the matter to the Board for a complete, understandable adjudication concerning how petitioner's new maximum was computed. Should the adjudication depend on facts not contained in the present record we expect, of course, the record to be supplemented so that we may exercise our appellate review.

## ORDER

Now, August 13, 1987, the order of the Pennsylvania Board of Probation and Parole, dated August 25, 1986, at No. 8316-P, is vacated and the matter is remanded for a new adjudication to be filed on or before September 11, 1987. Any supplemental record shall be filed on or before October 12, 1987.

Jurisdiction retained.