533 A.2d 1089

John Sherrell, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs April 8, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Henry B. Furio*, Assistant Public Defender, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, November 20, 1987:

In *Sherrell v. Pennsylvania Board of Probation and Parole*, 108 Pa. Commonwealth Ct. 455, 529 A.2d 1178 (1987), we remanded to the Board of Probation and Parole (Board) for a new adjudication. While we were able to determine that two of petitioner Sherrell's allegations of error were meritless, we were unable to review the

allegation that the Board had incorrectly computed petitioner's new maximum expiration date, thereby necessitating the remand. We retained jurisdiction and the Board has issued a new adjudication which now allows our review.

Petitioner's argument concerning the computation of the new maximum date, while less than clear, can be broken down into two parts. He first argues that the Board had no authority to extend the maximum date; even if such authority exists, petitioner believes the actual computation was incorrect. In order to understand the Board's action, a brief factual recitation is required.

In 1981, petitioner was sentenced to a prison term of not less than two years nor more than five years in the Court of Common Pleas of Allegheny County. As the effective date of that sentence was May 6, 1981, the maximum date was May 6, 1986. He was paroled in 1983. While on parole, he was recommitted as a technical violator; the maximum date, however, was not changed and petitioner was reparoled in early 1985. While on parole, he was arrested on new criminal charges in December of 1985. No bail was posted. While awaiting sentencing on the new charges, the Board removed its detainer on May 6, 1986, petitioner's maximum date. Petitioner was sentenced on the new charges to a term of imprisonment not less than nine months nor more than twenty-three months. Petitioner was subsequently recommitted as a convicted parole violator and his maximum expiration date on the original charges was extended to July 5, 1988.

Section 21.1(a) of the Parole Act, Act of August 6, 1941, P.L. 861, added by the Act of August 24, 1951, P.L. 1401, *as amended*, 61 P.S. §331.21a(a) provides:

> Any parolee under the jurisdiction of the Pennsylvania Board of Probation and Parole released from any penal institution of the Commonwealth who, during the period of parole or while delin-

quent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere at any time thereafter in a court of record, may, at the discretion of the board, be recommitted as a parole violator. If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole.

In *Andrews v. Pennsylvania Board of Probation and Parole*, 101 Pa. Commonwealth Ct. 468, 516 A.2d 838 (1986), we reviewed this section and observed that while the Board has discretion to decide whether to recommit one convicted of a crime while on parole, once the decision to recommit is made, the Board is mandated to extend the maximum date by the amount of time the parolee was at liberty. Petitioner's argument that the Board lacks authority to extend his maximum sentence has absolutely no validity.

We also find no error in the actual computation concerning the extension of the maximum. In *Gaito v. Pennsylvania Board of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980), the Court held that one incarcerated because of a Board detainer who has otherwise met all requirements for bail on the new criminal charges may have that time in incarceration credited to his original sentence. If bail is not posted on the new charges, the time spent in custody on the detainer must be credited to the sentence on the new charges. Here, petitioner did not post bail on the new charges. Accordingly, the Board determined that four months and fourteen days from December 22, 1985 (the date of arrest on new criminal charges) to May 6, 1986 (the date of the lifting of the detainer because of the expiration of the

original maximum) had to be credited to the new sentence. Furthermore, in *Campbell v. Pennsylvania Board of Probation and Parole,* 48 Pa. Commonwealth Ct. 454, 409 A.2d 980 (1980), we held that a convicted parole violator can begin to serve the remainder of his original sentence only after he is recommitted. The Board also found that since petitioner was recommitted on July 9, 1986, he could not begin serving the remainder of this original unexpired term until that date.

The Board next determined the time "at liberty on parole" by determining the amount of time petitioner has been incarcerated on the original sentence. The Board determined petitioner had served three years and four days of that sentence. The Board first found that petitioner served from May 6, 1981, the effective date of the original sentence, to May 10, 1983, the date of original parole, or two years and four days. The Board next reviewed the one year from February 2, 1984, when petitioner was arrested on technical violations to February 2, 1985, the reparole date, as additional time served on the original sentence. 61 P.S. §331.21a(b). Adding the two time periods, the Board found that petitioner had served three years and four days of the original sentence. As the Board then determined that petitioner had one year, eleven months and twenty-six days remaining to be served on the original sentence, it extended petitioner's maximum date from July 9, 1986, the date of recommitment, by that amount of time, arriving at a new maximum date of July 5, 1988. Our review of the Board's action in this regard reveals no error and we thus will affirm the Board's order.

ORDER

Now, November 20, 1987, the order of the Pennsylvania Board of Probation and Parole, dated August 25, 1986, is affirmed.