Alan Troy HOUSER, Petitioner,

v.

**PENNSYLVANIA BOARD
OF PROBATION AND
PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 23, 1996.

Decided May 1, 1996.

Ellen K. Barry, for Petitioner.

Mary C. Bodo, for Respondent.

Before McGINLEY and FRIEDMAN, JJ., and KELTON, Senior Judge.

McGINLEY, Judge.

This case is before us on counsel's petition to withdraw from his representation of Alan Troy Houser (Houser) who appeals from a denial of the Pennsylvania Board of Proba- tion and Parole (Board) for administrative relief from an order recommitting him as a convicted parole violator.

Houser was originally sentenced to six to fifteen years imprisonment by the Honorable Gilfert M. Mihalich of the Court of Common Pleas of Westmoreland County for burglary, aggravated assault and robbery. His mini- mum term expiration date was November 7, 1991, and the maximum date was November 7, 2000. He was paroled on February 5, 1993. Thereafter, the Board recommitted Houser to a state correctional institution for multiple technical violations, effective No- vember 19, 1993.

On May 19, 1994, Houser was reparoled until July 10, 1994, when he was arrested and charged with aggravated assault and simple assault. Houser was held in the Westmore- land County Prison (county prison) for fail- ure to post bail. On October 4, 1994, Houser pled guilty to the simple assault charge and was sentenced to serve eight to twenty-three months. He remained in county prison serv- ing time on the new sentence until he was granted county parole and released to the Board's custody effective January 29, 1995.

While Houser was detained in county pris- on, the Board held a parole revocation hear- ing for the purpose of considering Houser's second criminal conviction. In a decision dated February 27, 1995, the Board recom- mitted Houser as a convicted parole violator to serve fifteen months backtime and recom- puted his maximum term expiration date as April 22, 2002.

Houser requested administrative review of the Board's decision. By letter dated August 2, 1995, the Board denied Houser's request and he appealed to this Court. On August 23, 1995, the Cumberland County Public De- fender's Office (Public Defender) was as- signed to represent Houser. Thereafter, Houser's counsel filed a "no-merit" letter and applied for leave to withdraw asserting that Houser's case is without merit.

■ Houser raises four issues for our con- sideration. First, Houser contends that the Board erred in failing to credit his original sentence for the time spent in county prison

from July 10, 1994, the date of his arrest for simple assault, to October 4, 1994, the date of his conviction for simple assault. Second, Houser contends that the Board erred in failing to credit his original sentence with the time he spent in county prison after his conviction for simple assault. Third, Houser contends that the Board's imposed sentence of fifteen months back-time was excessive for a conviction of simple assault. Finally, Houser contends that the Board erred in recomputing his maximum expiration date.[1]

 Initially, Houser argues that he is entitled to credit on his original sentence for time he spent in county prison from July 10, 1994, until his conviction for simple assault on October 4, 1994. Pre-sentence time spent in prison by a parolee for failure to post bail is properly allocated to his sentence on the new charge rather than his original sentence. *Gaito v. Board of Probation and Parole*, 128 Pa.Cmwlth. 253, 563 A.2d 545 (1989), *petition for allowance of appeal denied*, 525 Pa. 589, 575 A.2d 118 (1990). Houser did not post bail while awaiting disposition on the new charges. Therefore, the Board properly denied him credit for his pre-sentence time in county prison.

 Houser also argues that he is entitled to credit against his original sentence for the time he spent in county prison while on parole after he was convicted on new charges. A parolee in prison on a second sentence while on parole from a first sentence, is nevertheless "at liberty on parole" and shall not be given credit for the time he was incarcerated for the second sentence. *Hines v. Pennsylvania Board of Probation and Parole*, 491 Pa. 142, 420 A.2d 381 (1980). The entire six months and nineteen days Houser spent in county prison was allocated to his second sentence and not credited to his original sentence. The Board did not err in denying Houser credit against his original sentence for the time he served on his second sentence.

 Next, Houser alleges that the imposed backtime was excessive. "This court will not review the Board's exercise of discretion in imposing backtime for parole violations where the violations are supported by substantial evidence and the backtime imposed is within the published presumptive ranges for those violations." *Lotz v. Pennsylvania Board of Probation and Parole*, 120 Pa.Cmwlth. 538, 548 A.2d 1295 (1988), *affirmed*, 525 Pa. 567, 583 A.2d 427 (1990). Pursuant to 37 Pa.Code § 75.2, the presumptive range for simple assault is nine to fifteen months. The Board's fifteen month imposition of backtime for Houser's simple assault conviction is within the presumptive range and will not be disturbed.

The final issue for our consideration is whether the Board erred by extending Houser's maximum date in violation of Section 21.1(b) of the Act of August 6, 1941, P.L. 861, *as amended*, (commonly referred to as the Parole Act), 61 P.S. § 331.21a, which requires that a parolee, recommitted for technical parole violations only, must be given credit for time on parole in good standing.[2]

1. Our scope of review is limited to a determination of whether necessary findings are supported by substantial evidence, an error of law was committed, or whether constitutional rights of the parolee were violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Williams v. Pennsylvania Board of Probation and Parole*, 654 A.2d 235 (Pa.Cmwlth.1995).

2. Section 21.1(b) of the Parole Act provides:

(b) Technical Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution in the Commonwealth who, during the period of parole, violates the terms and conditions of his parole, other than by the commission of a new crime of which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere in a court of record, may be recommitted after hearing before the board. *If he is so recommitted, he shall be given credit for the time served on parole in good standing but with no credit for delinquent time, and may be reentered to serve the remainder of his original sentence or sentences. Said remainder shall be computed by the board from the time his delinquent conduct occurred for the unexpired period of the maximum sentence imposed by the court without credit for the period the parolee was delinquent on parole, and he shall be required to serve such remainder so computed from the date he is taken into custody on the warrant of the board.* Such prisoner shall be subject to reparole by the board whenever in its opinion the best interests of the prisoner justify or require his being reparoled and it does not appear that the interests of the Com-

Houser contends that the Board exceeded its statutory authority when it extended the maximum date of his original sentence.

According to the Board, Houser lost all credit for time served while at liberty on parole in good standing when he was recommitted as a convicted parole violator pursuant to the provisions of Section 21.1(a) of the Parole Act, 61 P.S. § 331.21a, which specifically provides that convicted parolees shall receive no credit for time spent on parole.[3] In the no-merit letter the Public Defender asserts that the time Houser spent on parole prior to his recommitment for technical violations from February 5, 1993, until November 19, 1993, a period of nine months and 14 days, was correctly added to his maximum release date. No case law is cited to support this contention.

■ The computation with respect to credit for time spent on parole for convicted parole violators is dramatically different from the computation for technical parole violators. A convicted parole violator cannot receive credit against his maximum sentence for time spent at liberty while on parole. *Sherrell v. Pennsylvania Board of Probation and Parole,* 111 Pa.Cmwlth. 209, 533 A.2d 1089 (1987). However, Section 21.1(b) mandates that technical parole violators receive credit against their maximum sentence for time spent at liberty on parole in good standing. *Smith v. Pennsylvania Board of Probation and Parole,* 131 Pa.Cmwlth. 360, 570 A.2d 597 (1990).

Our review of the record reveals that the Board did not extend Houser's maximum sentence date when Houser was first recommitted for technical parole violations at the conclusion of his initial parole period which ran for nine months and fourteen days from February 5, 1993, until November 19, 1993. Houser was reparoled and subsequently recommitted as a convicted parole violator. At that time, the Board did extend Houser's maximum expiration date from November 7, 2000, to April 22, 2002, an increase of over one year and five months. The Board included in that extension the nine months and fourteen days that Houser spent at liberty while on parole prior to his November 19, 1993, recommitment which was for technical violations.

■ Undoubtedly, Houser's maximum date should be extended to reflect the time he spent on parole from May 19, 1994, until his release to the Board's custody on January 29, 1995, a total of eight months and ten days because he was a convicted parole violator. However, whether the Board correctly recomputed Houser's maximum date to include both that parole period and the nine months and fourteen days from February 5, 1993, until November 19, 1993, presents a substantial and possibly meritorious issue. In light of Section 21.1(b) of the Parole Act, we are not certain if the time Houser spent on parole in good standing prior to his recommitment for technical violations was correctly added to his maximum sentence.

■ In reviewing a motion to withdraw we must make an independent evaluation of the proceedings before the Board to determine whether the parolee's appeal is meritless. *Frankhouser v. Pennsylvania Board of Probation and Parole,* 143 Pa. Cmwlth. 80, 598 A.2d 607 (1991). And where our review indicates that the parolee's appeal

monwealth will be injured thereby. (Emphasis added).

3. Section 21.1(a) of the Parole Act provides:

(a) Convicted Violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution of the Commonwealth who, during the period of parole or while delinquent on parole, commits any crime punishable by imprisonment, for which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendre at any time thereafter in a court of record, may, at the discretion of the board, be recommitted as a parole violator. *If his recommitment is so ordered, he shall be reentered to serve the remainder of the term which said parolee would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty while on parole.* The board may, in its discretion, reparole whenever, in its opinion, the best interests of the prisoner justify or require his release on parole and its [sic] does not appear that the interests of the Commonwealth will not be injured thereby. The period of time for which the parole violator is required to serve shall be computed from and begin on the date that he is taken into custody to be returned to the institution as a parole violator.

is not meritless the motion to withdraw is denied and counsel must file a brief on parolee's behalf. *Davenport v. Pennsylvania Board of Probation and Parole*, 656 A.2d 581 (Pa.Cmwlth.1995).

In counsel's "no-merit" letter she asserts that she conducted an adequate review of the record and properly exercised her professional judgment in concluding that Houser's appeal is meritless.[4] However, having found from our independent scrutiny of the record that one issue raised by Houser is not meritless, we deny the motion to withdraw and direct counsel to file a brief on Houser's behalf addressing whether the Board erred in recomputing Houser's maximum expiration date.

### ORDER

AND NOW, this 1st day of May, 1996, the motion of the Public Defender of Cumberland County to withdraw as counsel in the above-captioned matter is denied. Counsel is ordered to file a brief within thirty days of this order.

---

4. In *Epps v. Pennsylvania Board of Probation and Parole*, 129 Pa.Cmwlth. 240, 565 A.2d 214 (1989), this court stated that the "no-merit" letter of an appointed counsel seeking leave to withdraw must contain (1) the nature and extent of counsel's review, (2) the issues that the petitioner wishes to raise, and (3) counsel's analysis in concluding that the petitioner's appeal is meritless.