# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Morales,                              :
                    Petitioner               :
                                             :
              v.                             :       No. 1697 C.D. 2015
                                             :       Submitted: February 19, 2016
Pennsylvania Board of Probation              :
and Parole,                                  :
                    Respondent               :


BEFORE:      HONORABLE RENÉE COHN JUBELIRER, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE COHN JUBELIRER                              FILED: May 11, 2016


William Morales (Morales) petitions for review of an August 25, 2015 Decision of the Pennsylvania Board of Probation and Parole (Board) that denied Morales' Administrative Appeal and affirmed its May 5, 2015 Order recommitting him as a convicted parole violator (CPV) and recalculating his maximum sentence date as June 20, 2020. Morales is represented in this matter by Kent D. Watkins, Esquire (Counsel). Presently before this Court for disposition is Counsel's Application to Withdraw as Counsel (Application to Withdraw), with a no-merit letter attached, which is based on his conclusions that Morales' Petition for Review is frivolous and without merit. For the reasons that follow, we grant Counsel's Application to Withdraw.

On April 13, 2006, Morales was sentenced to serve six to twelve years in a state correctional institution after pleading guilty to several charges, including aggravated assault with bodily injury to an officer, drug manufacture, sale, delivery, or possession with intent to distribute, criminal conspiracy with regard to drug manufacture, sale, delivery, or possession with intent to distribute, possession of drug paraphernalia, possession of a controlled substance, and resisting arrest or other law enforcement.[1]  His original minimum date was June 6, 2013 and his original maximum date was June 23, 2017.  The Board initially denied parole to Morales on April 5, 2011, but subsequently granted parole on November 18, 2011, and he was released on February 9, 2012.  (C.R. at 5, 7, 16.)

On February 3, 2013, a criminal complaint was filed against Morales accusing him of harassment and making terroristic threats.  On February 4, 2013, the Board issued a Warrant to Commit and Detain Morales for violating his parole. (Warrant to Commit and Detain, C.R. at 17.)  Morales was arrested the same day, although these charges were ultimately dismissed, and Morales was released on February 28, 2013.

The Board declared Morales delinquent effective July 5, 2013 and issued a new warrant for his arrest on July 14, 2013.  (Warrant Details, C.R. at 57.) Morales was arrested for possession of a firearm by a prohibited person, recklessly endangering another person, and possessing an instrument of crime and was confined in Berks County Prison on July 15, 2013 pending the disposition of the new criminal charges.  Morales did not post bail on those charges.  He was not

---

[1] Morales received a consecutive two years of probation for resisting arrest.

formally arraigned on the new charges until August 28, 2013. The Board recommitted Morales as a technical parole violator (TPV) to serve six months backtime for multiple technical violations, including failing to report regularly as instructed and failing to report an arrest within 72 hours, with a new maximum date of July 2, 2017. (Notice of Board Decision, September 5, 2013, C.R. at 21.)

Morales pled guilty to recklessly endangering another person and possessing instruments of crime,[2] and on February 17, 2015, he was sentenced to not less than 11 ½ months and no more than 23 months confinement for possessing instruments of crime and two years consecutive county-supervised probation for recklessly endangering another person. (Sentencing Order, February 17, 2015, C.R. at 25; Probation Order, February 17, 2015, C.R. at 26.) Per stipulation, Morales received credit for 583 days time served, for the period from July 14, 2013 to February 17, 2015, for the possessing instruments of crime charge. On March 3, 2015, Morales was paroled from the Berks County Jail System.

He was returned to a state correctional facility on March 13, 2015. (Moves Report, C.R. at 69.) On March 23, 2015, Morales signed a waiver of revocation hearing and counsel/admission form and admitted to the Berks County convictions. By Board Decision mailed on May 5, 2015, the Board modified its September 5, 2013 order as follows: 1) deleting the reparole provision; 2) reaffirming its prior action to recommit Morales as a TPV to serve six months; and 3) recommitting

---

[2] The charge of possessing a firearm by a prohibited person was dropped and count two, possessing an instrument of crime, was changed from "firearm" to "weapon" (BB gun). (Order of the Court of Common Pleas of Berks County, March 25, 2014, C.R. at 51.)

Morales "to a state correctional institution as a convicted parole violator to serve 24 months, concurrently, for a total of 24 months backtime." (Notice of Board Decision, May 5, 2015, C.R. at 73.) The Board also set forth Morales' new maximum date as June 20, 2020 in its May 5, 2015 decision. The Board based its recalculated maximum date on a return to custody date of March 3, 2015. The Board determined that Morales had 1,961 days remaining on his original sentence, gave Morales credit for 24 days, from February 4, 2013 to February 28, 2013, and 1 day, from July 14, 2013 to July 15, 2013, which left Morales with 1,936 days of backtime remaining, resulting in a new maximum date of June 20, 2020. (Order to Recommit, C.R. at 77-78.)

Morales filed a timely Administrative Appeal, pro se, postmarked May 12, 2015, challenging his recommitment term of 24 months and asking that the Board "reconsider and[/]or run both violations together," concurrently.[3] (Administrative Appeal at 1, C.R. at 79.) Morales maintained that "4 years is to [sic] much time as a punishment for two misdemeanors which on the Parole guidelines only carries 6 to 12 months," and that he already served two years on his charges. (Administrative Appeal at 1, C.R. at 79.) On May 26, 2015, Counsel entered his appearance on behalf of Morales. (Entry of Appearance Letter, C.R. at 83.) The Board denied Morales' Administrative Appeal and affirmed its prior decision reasoning that his recommitment term did not exceed the combined presumptive range for the two offenses, and that per Section 6138(a) of the Prisons and Parole

---

[3] Morales also argued that serving the full 24 months of backtime would put his life in danger because he was serving as a witness in various murder trials. (Administrative Appeal at 2-3, C.R. at 80-81.)

4

Code (Parole Code), 61 Pa. C.S. § 6138(a), and the Board's regulation at 37 Pa. Code § 75.2, his new sentence and original sentence must be served consecutively, not concurrently. (Board Decision, August 25, 2015, C.R. at 86.) On September 14, 2015, Morales, through Counsel, filed a Petition for Review in this Court seeking review of the Board's August 25, 2015 Decision.[4] Counsel subsequently filed the instant Application to Withdraw, along with a <u>Turner</u>[5] letter on December 7, 2015.

This Court has held that in order to withdraw, "counsel . . . must provide a 'no-merit' letter[/<u>Turner</u> letter[6]] which details 'the nature and extent of [counsel's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" <u>Zerby v. Shanon</u>, 964 A.2d 956,

---

[4] Our Court's review in parole revocation cases "is limited to a determination of whether necessary findings are supported by substantial evidence, an error of law was committed, or whether constitutional rights of the parolee were violated." <u>Johnson v. Pennsylvania Board of Probation and Parole</u>, 706 A.2d 903, 904 (Pa. Cmwlth. 1998).

[5] <u>Commonwealth v. Turner</u>, 544 A.2d 927 (Pa. 1988).

[6] In probation and parole cases where no constitutional right to counsel is involved, an attorney wishing to withdraw from representing a prisoner is permitted to file a no-merit letter instead of a brief in accordance with <u>Anders v. State of California</u>, 386 U.S. 738 (1967). <u>Seilhamer v. Pennsylvania Board of Probation and Parole</u>, 996 A.2d 40, 42 n.4 (Pa. Cmwlth. 2010). A constitutional right to counsel exists where a parolee presents:

> [a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

<u>Id.</u> (quoting <u>Hughes v. Pennsylvania Board of Probation and Parole</u>, 977 A.2d 19, 26 (Pa. Cmwlth. 2009)). Here, Morales has no constitutional right to counsel, but only a statutory right to counsel under Section 6(a) of the Public Defender Act, Act of December 2, 1968, P.L. 1144, <u>as amended</u>, 16 P.S. § 9960.6(a)(10).

961 (Pa. Cmwlth. 2009) (quoting Commonwealth v. Turner, 544 A.2d 927, 928 (Pa. 1988)). "[C]ounsel must fully comply with the procedures outlined in Turner to ensure that each of the petitioner's claims has been considered and that counsel has [] substantive reason[s] for concluding that those claims are meritless." Hont v. Pennsylvania Board of Probation and Parole, 680 A.2d 47, 48 (Pa. Cmwlth. 1996) (citations omitted) (emphasis in original). Counsel is also required to "notify the parolee of his request to withdraw, furnish the parolee with [] a copy of . . . [the] no-merit letter satisfying the requirements of Turner, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf." Reavis v. Pennsylvania Board of Probation and Parole, 909 A.2d 28, 33 (Pa. Cmwlth. 2006) (internal citations omitted). This Court must then "conduct its own independent review of the petition to withdraw and must concur in counsel's assessment before [it] may grant counsel leave to withdraw." Hont, 680 A.2d at 48 (citation omitted).

Here, Counsel's no-merit letter satisfies the technical requirements of Turner. The letter sets forth the extensive procedural history of Morales' case, Counsel's review of the record, and relevant statutory and case law. Counsel served Morales with a copy of the no-merit letter, his Application to Withdraw as Counsel, and this Court's December 9, 2015 Order notifying Morales that he may either obtain substitute counsel or file a brief on his own behalf.[7] Counsel notes that Morales raises two issues in his Petition for Review: (1) that he should be recommitted for less than 24 months of backtime, which he believes is excessive; and (2) that he should be permitted to serve his two sentences concurrently.

_____
[7] Morales did not obtain substitute counsel or file a brief on his own behalf.

(Counsel's Letter at 5-6.) In his no-merit letter to the Court, Counsel provides a sufficient discussion of why Morales' arguments are without merit. (Counsel's Letter at 5-7.) Therefore, we conclude that Counsel complied with Turner's technical requirements, and we will now independently review the merits of Morales' arguments to determine whether to grant or deny Counsel's Application to Withdraw. Turner, 544 A.2d at 928. Moreover, Counsel's Application to Withdraw will be granted if we determine that Morales' Petition for Review lacks any basis in law or fact. Commonwealth v. Santiago, 978 A.2d 349, 356 (Pa. 2009) (citing McCoy v. Court of Appeals of Wisconsin, District 1, 486 U.S. 429, 438 n.10 (1988)).

Morales contends that he was improperly recommitted beyond the presumptive range for violating his parole, and that the imposed backtime of 24 months was excessive. This Court has held that it "will not review the Board's exercise of discretion in imposing backtime for parole violations where the violations are supported by substantial evidence . . . ." Houser v. Pennsylvania Board of Probation and Parole, 675 A.2d 787, 789 (Pa. Cmwlth. 1996). Our Supreme Court later held that "[a]s long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment." Smith v. Pennsylvania Board of Probation and Parole, 574 A.2d 558, 560 (Pa. 1990).

The presumptive ranges for parole violations are found in Section 37 Pa. Code § 75.2. In accordance with the Board's regulations, "[i]f the Board orders the recommitment of a parolee as a convicted parole violator, the parolee shall be

recommitted to serve an additional part of the term which the parolee would have been compelled to serve had he not been paroled, in accordance with the [prescribed] presumptive ranges." 37 Pa. Code § 75.2. The presumptive range for recklessly endangering another person is 12 to 18 months, and the presumptive range for possessing instruments of crime is 6 to 12 months. 37 Pa. Code § 75.2. Therefore, the minimum presumptive range for the two offenses is 18 months, and the maximum presumptive range is 30 months. Here, the Board's imposition of 24 months backtime to be served by Morales on his original sentence is within the maximum presumptive range for parole violations resulting from convictions for the two offenses, recklessly endangering another person and possessing an instrument of crime, and, under Smith, will not be disturbed.

Morales argues that the sentence he received for his new convictions should run concurrently with his parole violations, that he already served two years, and that four years is excessive for two misdemeanors. Our Supreme Court has held that "the law . . . is quite clear that a parole violator convicted and sentenced to prison for another offense must serve his or her back time **and** the new sentence in **consecutive order**." Commonwealth v. Dorian, 468 A.2d 1091, 1092 (Pa. 1983) (holding that a new sentence for a new conviction cannot run concurrently with the time remaining on the convicted parole violator's original sentence) (citations omitted) (emphasis added). Section 6138 of the Prisons and Parole Code[8] "specifies the order in which a parolee who is sentenced on new criminal charges

---

[8] Prisons and Parole Code, 61 Pa.C.S. §§ 101-6309, effective October 13, 2009, amended by, Section 20 of the Act of October 27, 2010, P.L. 931, No. 95, immediately effective, amended by, Section 15 of the Act of July 5, 2012, P.L. 1050, No. 122.

and is recommitted to serve backtime on his original sentence must be served." Serrano v. Pennsylvania Board of Probation and Parole, 672 A.2d 425, 427-28 (Pa. Cmwlth. 1996) (discussing the 1941 parole Act[9]). Our precedent is clear that "the Board may not impose backtime to run concurrently with a new sentence for an offense committed while on parole." Palmer v. Pennsylvania Board of Probation and Parole, ___ A.3d ___, ___ (Pa. Cmwlth., No. 987 C.D. 2015, filed March 8, 2016), slip op. at 4 (citations omitted).

Here, Morales was convicted of recklessly endangering another person and possessing an instrument of crime, and received an 11 ½ to 23 months sentence. Because he did not make bail, he received credit for the roughly two years, or 583 days, he was incarcerated on these new charges in Berks County prior to his conviction. He apparently does not realize that his subsequent recommitment to serve 24 months backtime was imposed upon him as a CPV, because he violated his parole on his original sentence, and the 24 months he must serve is backtime on his original sentence; it is not part of his sentence for the new convictions. Therefore, he cannot count the time served on the two new convictions for both the new convictions and toward the backtime he must serve on his original sentence. For these reasons we discern no error in the Board's decision to require Morales to serve the 24 months backtime on his original sentence consecutive to the roughly two years, or 583 days, he has already served for recklessly endangering another

---

[9] Act of August 6, 1941, P.L. 861, as amended, formerly 61 P.S. § 331.21a(a), repealed by Section 11(b) of the Act of August 11, 2009, P.L. 147, No. 33, effective October 13, 2009, 61 Pa.C.S. §§ 101-6309.

person and possessing instruments of crime. Accordingly, we grant Counsel's Application to Withdraw and affirm the Board's August 25, 2015 Decision.

For these reasons, we affirm the decision of the Board.

_____
**RENÉE COHN JUBELIRER,** Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Morales,                                :
                          Petitioner            :
                                                :
              v.                                :    No. 1697 C.D. 2015
                                                :
Pennsylvania Board of Probation                 :
and Parole,                                     :
                          Respondent            :

# **O R D E R**

**NOW**, May 11, 2016, the Application for Leave to Withdraw as Counsel filed by Kent D. Watkins, Esquire, is hereby **GRANTED**, and the Order of the Pennsylvania Board of Probation and Parole, entered in the above-captioned matter, is hereby **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** Judge