# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Parker,             :
          Petitioner       :
                          :  No.  1514 C.D. 2018
      v.                 :
                          :  Submitted:  April 26, 2019
Pennsylvania Board of      :
Probation and Parole,      :
          Respondent   :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge

## _OPINION NOT REPORTED_

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                         FILED:  June 13, 2019

Christopher Parker (Petitioner) petitions for review of the October 17, 2018 order of the Pennsylvania Board of Probation and Parole (Board), which denied his request for administrative relief from the Board's December 13, 2016 order recalculating his maximum sentence date.  Petitioner's counsel, David Crowley, Esquire (Counsel), of the Public Defender's Office of Centre County has filed an Application to Withdraw Appearance (Application) on the basis that there are no grounds for appeal and the petition lacks merit.  We grant Counsel's Application and affirm the Board's order.

On February 26, 1976, a trial court sentenced Petitioner to 2 to 20 years' incarceration following his conviction of third-degree murder.  At that point, Petitioner's original maximum sentence date was December 19, 1995.  The Board

released Petitioner on parole on December 19, 1977; thereafter, Petitioner, apparently before the expiration of his maximum sentence, engaged in criminal conduct that violated the conditions of his parole and resulted in a conviction. *See infra* note 6. On July 18, 2001, nearly 24 years after the Board paroled Petitioner, the Board recommitted him as both a technical parole violator (TPV) and a convicted parole violator (CPV). Under former section 21.1(a) of the Parole Act,[1] Petitioner automatically forfeited credit for all the years that he spent at liberty on parole, and the Board extended his maximum sentence date from December 19, 1995, to April 27, 2018. (Certified Record (C.R.) at 1, 48.)

On January 31, 2002, the Board reparoled Petitioner. Approximately 11 years later, in 2013, the police arrested Petitioner and he was charged with various sexual offenses involving a minor female. On March 28, 2013, the Board issued a warrant to commit and detain Petitioner pending the disposition of the criminal charges. After Petitioner entered a plea of no contest to the crimes of corruption of a minor and involuntary deviate sexual intercourse (IDSI), a court of common pleas sentenced him on February 2, 2016, to 23 months' incarceration at a county facility, without the possibility of parole, and a consecutive term of probation. (C.R. at 6, 9-10, 21, 24, 26, 30.)

Subsequently, Petitioner signed a document waiving his rights to counsel and a revocation hearing, and the Board recommitted him as a CPV to serve 60 months' backtime. Petitioner then filed a request for administrative relief, which the Board denied on December 13, 2016. In the hearing report, the Board did not award Petitioner

---

[1] Act of August 6, 1941, P.L. 861, *as amended*, added by the Act of August 24, 1951, P.L. 1401, *formerly* 61 P.S. §331.21a(a). The Parole Act was repealed by the Act of August 11, 2009, P.L. 147, when the statute was codified into the Prisons and Parole Code (Parole Code), 61 Pa.C.S. §§101-6309.

any credit for time served at liberty on parole under section 6138(a)(2.1) of the Prisons and Parole Code (Parole Code).[2]  Because Petitioner entered a plea to IDSI, a crime that required registration as a sexual offender, Petitioner was not eligible to receive credit and the Board lacked the statutory authority to grant it.  Nonetheless, the Board noted in the hearing report that it considered Petitioner to be "a threat to the safety of the community" and "[n]ot amenable to parole supervision."  (C.R. at 35, 39, 47, 49, 58-59, 74-75.)

On October 17, 2018, the Board issued a decision affirming its earlier decision to recommit Petitioner as a CPV and impose 60 months' backtime.  In this decision, the Board modified Petitioner's parole eligibility date to February 27, 2020, and extended his maximum sentence date from April 27, 2018, to May 24, 2031.  (C.R. at 78.)

Petitioner then filed an administrative remedies form.  The form contains two sections directing a petitioner to "Check the Reason(s) for Appeal and *Explain*" and "Check the Reason(s) for Relief and *Explain*."  (C.R. at 79) (emphasis in original).  The form also states that "[t]he request shall set forth specifically the factual and legal bases for the allegations."  *Id.*  In the first section, pertaining to the Board's revocation decision, Petitioner checked the boxes for "Insufficient Evidence" and "Recommitment

---

[2] 61 Pa.C.S. §6138(a)(2.1).  Unlike former section 21.1(a) of the Parole Act, section 6138(a)(2.1) of the Parole Code provides the Board with discretion to award credit for days spent at liberty on parole when recommitting a CPV, so long as the CPV did not commit one of the statutorily enumerated crimes.  More specifically, the Board is deprived of discretion to grant credit when "[t]he crime committed during the period of parole is a crime . . . requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders)."  61 Pa.C.S. §6138(a)(2.1)(i).  In situations where the Board maintains its authority and discretion to award credit, "the Board must provide a contemporaneous statement explaining its reason for denying a CPV credit for time spent at liberty on parole" in order "to honor the basic notions of due process" and effectuate the intent of the General Assembly in enacting section 6138(a)(2.1).  *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466, 475 (Pa. 2017).

Challenge." *Id.* In the second section, pertaining to the Board's sentence calculations, Petitioner checked the boxes for "Sentence Credit Challenge" and "Reparole Eligibility Date." *Id.* However, in the spaces provided on the form for a petitioner to explain the basis and nature of the claims, Petitioner did not complete it in the manner that the form dictates. Instead, Petitioner used the spaces to express his remorse and request leniency, stating, among other comments, the following: "Please, [I] know I've made a grave mistake," "I'm sorry for all the things that occurred," and "I'm asking for leniency on the [time] I'm about to do." *Id.* Petitioner made similar statements in the pages that he attached to the form. (C.R. at 81-84.)

On October 17, 2018, the Board issued a decision denying Petitioner's request for administrative relief and reasoned as follows:

> The Board regulation authorizing administrative appeals/petitions for administrative review states that appeals/petitions must "present with accuracy, brevity, clearness and specificity whatever is essential to a ready and adequate understanding of the factual and legal points requiring consideration." 37 Pa. Code §73.1. Your request for relief does not indicate that the Board made any actual evidentiary, procedural, or calculation errors in revoking your parole. The only thing you request from the Board is a general plea for leniency. A general plea for leniency does not qualify as a request for relief under the regulation. Therefore, your request for relief must be dismissed for failure to present adequate factual and legal points for consideration against the Board.

(C.R. at 86.)

On November 19, 2018, Counsel filed a petition for review with this Court,[3] asserting only that the Board erred because it "[f]ailed to credit [his] original

---

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by

sentence with all the time to which he is entitled." (Petition for Review, ¶6.) After reviewing the record in this matter, on February 21, 2019, Counsel filed the Application and a "no-merit" letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), contending that the appeal is meritless.

Where, as here, counsel concludes that a petitioner's appeal is meritless, counsel may be permitted to withdraw from representation if counsel (1) notifies the petitioner of the request to withdraw; (2) furnishes the petitioner with a copy of a no-merit letter satisfying the requirements of *Turner*; and (3) advises the petitioner of his right to retain new counsel or submit a brief on his own behalf. *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 69 (Pa. Cmwlth. 2013). When counsel seeks to withdraw under *Turner*, our Supreme Court has held that counsel may fulfill his/her responsibilities by providing a no-merit letter that details the nature and extent of the attorney's review, identifies each issue the petitioner wishes to raise, and explains why counsel concludes those issues are meritless. 544 A.2d at 928. Once counsel has fully complied with the technical requirements for withdrawal, the Court will independently review the merits of the petitioner's claims. *Miskovitch*, 77 A.3d at 70.

Here, the record reflects that, in his *Turner* no-merit letter, Counsel informed Petitioner of Counsel's request to withdraw, provided Petitioner with a copy of the *Turner* letter that details Counsel's review of the issues and the reasons why Counsel concluded those issues are meritless, and advised Petitioner of his right to retain new counsel or raise any new points he might deem worthy of consideration. Because Counsel has satisfied the procedural requirements for withdrawal, the Court

---

substantial evidence. *McCloud v. Pennsylvania Board of Probation and Parole*, 834 A.2d 1210, 1212 n.6 (Pa. Cmwlth. 2003).

will independently review the matter to ascertain whether there are any issues that possess arguable merit.

In his *Turner* no-merit letter, Counsel addresses the following four general issues: "Improper credit to [Petitioner's] original sentence," "Improper Calculation of [Petitioner's] max and re-parole dates," "Insufficient Evidence," and "Excessiveness of the Recommitment." (*Turner* Letter, at page 4.)

However, issues that are not properly raised before the Board in an administrative appeal are waived for purposes of appellate review by this Court. *McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993). The Board's regulation at 37 Pa. Code §73.1 requires that issues must be "present[ed] with accuracy, brevity, clearness and specificity." 37 Pa. Code §73.1(a)(3), (b)(2). The failure to do so "will be a sufficient reason for denying the appeal." 37 Pa. Code §73.1(a)(3). The fact that a petitioner proceeded without counsel before the Board does not excuse him from raising and preserving issues. *Reavis v. Pennsylvania Board of Probation and Parole*, 909 A.2d 28, 33-34 (Pa. Cmwlth. 2006).

Here, Petitioner simply checked the boxes on the administrative remedies form and did not provide any statements of facts or legal basis to support his claims or alert the Board of the particular action(s) or decision(s) that he was challenging as improper. Under well-settled case law applying 37 Pa. Code §73.1, Petitioner has failed to preserve any issues for our review and any purported issue that could have been raised is waived. *See McCaffrey v. Pennsylvania Board of Probation and Parole*, 537 A.2d 78, 79 (Pa. Cmwlth. 1988) (providing that a dismissal pursuant to 37 Pa. Code §73.1 was appropriate because "[i]t is clear that the quoted portion of the regulation requires a prisoner seeking administrative relief to make his claims with at least some small degree of specificity . . . indicating what Board action or inaction

6

constituted error"); *see also White v. Pennsylvania Board of Probation and Parole*, 833 A.2d 819, 822 (Pa. Cmwlth. 2003); *McCaskill*, 631 A.2d at 1094-95.[4, 5]

Notwithstanding waiver, Counsel engaged in a thorough review of Petitioner's parole history and the record in this matter and commendably addressed issues that he perceived were implicated and related to the four categories listed in the boxes that Petitioner checked in his administrative remedies form. Ultimately, Counsel determined that such issues lacked merit. Upon our independent evaluation, we agree with Counsel.

Initially, as noted by Counsel, Petitioner cannot at the present time challenge any action taken by the Board in its July 18, 2001 parole revocation and recommitment order because the time for doing so has long passed. *See McCaskill*,

---

[4] We also cite two unreported decisions from this Court for their persuasive value in accordance with Commonwealth Court Internal Operating Procedure 414, 210 Pa. Code §69.414. *See Headley v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 2553 C.D. 2015, filed May 2, 2018) (unreported), slip op. at 6 ("Although Headley checked the box stating 'Sentence Credit Challenge' . . . . [t]here is no reference in the Administrative Appeal or the document Headley attached thereto of the time he spent at the [community corrections center] or incarcerated in West Virginia, let alone a request for credit against his original sentence for those periods. Accordingly, these issues are waived for purposes of appellate review by this court." (internal citations omitted); *Edwards v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 1625 C.D. 2014, filed May 26, 2016) (unreported), slip op. at 9-10 ("Here, in his administrative appeal before the Board, [p]etitioner checked the box marked 'Recommitment Challenge (Time/term given by Board, automatic reparole, return to custody, etc.)' . . . Notably absent from [p]etitioner's administrative appeal is any claim that he is entitled to sentence credit for time spent in pre-sentence confinement awaiting trial and sentencing for his federal charges. Therefore, because [p]etitioner failed to raise the issue in his administrative appeal, the issue is waived for purposes of this Court's review.").

[5] Furthermore, the issues regarding the nature of the evidence supporting the Board's recommitment decision, the length of backtime imposed in connection with that recommitment, and the calculations of Petitioner's parole eligibility and maximum sentence dates were not raised in the petition for review with this Court. Thus, these issues are waived on this basis as well. *See Reavis*, 909 A.2d at 32 n.2 and 34; *Siers v. Pennsylvania Board of Probation and Parole*, 725 A.2d 220, 221 (Pa. Cmwlth. 1999).

631 A.2d at 1095 and n.4 (concluding that when a petitioner appealed the Board's 1992 decision denying him administrative relief, the petitioner could not challenge the decisions of the Board rendered in 1986 and 1988 because "any allegations concerning such determinations would have been untimely and the Board would have been required to dismiss the appeal as it related to those issues"). In that order, the Board calculated Petitioner's new maximum sentence date as April 27, 2018, and determined that Petitioner owed 16 years and 3 months on his original sentence.[6] The Board then reparoled Petitioner on January 31, 2002, and following his convictions, Petitioner completed the 23-month sentence in a county facility and was available to serve the balance of his original sentence—16 years and 3 months— on November 23, 2016.

Concerning Petitioner's maximum sentence date, the case law states that Petitioner is entitled to a deduction from the balance of his original sentence in the amount of one year and nine months. This period represents the time that Petitioner

---

[6] With respect to Petitioner's first instance of parole, we note that "[i]t is well-settled law that the Board retains jurisdiction to recommit an individual as a parole violator after the expiration of the maximum term, so long as the crimes that lead to the conviction occurred while the individual is on parole." *Fumea v. Pennsylvania Board of Probation and Parole*, 147 A.3d 610 (Pa. Cmwlth. 2016). Because the Board found in its July 18, 2001 decision that Petitioner owed 16 years and 3 months on his sentence, it may be implied that Petitioner committed a crime prior to the expiration of his 20-year sentence. The record, however, is not entirely clear on this point and fails to indicate the precise date on which Petitioner was arrested, the crime he committed, and length of his incarceration, if any.

At any rate, in this appeal from an administrative proceeding, Petitioner cannot (and Counsel does not) challenge the Board's July 18, 2001 order 17 years after it was entered or contest the legality of his detention. To the extent that Petitioner could possibly have a valid claim that he successfully completed the full term of his sentence prior to his first recommitment, that claim would have to be asserted in a *habeas corpus* petition in the appropriate court of common pleas. *See Brown v. Pennsylvania Department of Corrections*, 81 A.3d 814, 815 (Pa. 2013) (stating that where a petitioner was "testing the legality of [his] commitment and detention," "his petition for review sounded in *habeas corpus*," and finding that this Court "did not possess jurisdiction over such a matter;" rather, jurisdiction lies "in the court of record from which [the] judgment of sentence originated, specifically, the Philadelphia County Court of Common Pleas").

8

was released on bail, May 9, 2013, but remained incarcerated solely on the Board's warrant, until the time he was sentenced by the court of common pleas, February 2, 2015. *See Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759, 764-65 (Pa. 2017) ("[I]f a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence."). The net outcome is that, at the time of his latest recommitment, Petitioner owed 14 years and 6 months on his original sentence, and when this number is added as an extension to November 23, 2016, Petitioner's new maximum sentence date was May 24, 2031. Otherwise, regarding the Board's imposition of 60 months' backtime, when one year and nine months is subtracted from this amount, and the sum is added as an extension to November 23, 2016, Petitioner's new parole eligibility date was February 27, 2020. Therefore, having checked and confirmed the Board's arithmetic, we agree with Counsel that the Board did not err in calculating Petitioner's new maximum sentence date and reparole date.

Moreover, Petitioner admitted the fact of his convictions in the form waiving his rights to a revocation hearing and counsel. (C.R. at 30.) This admission, alone, and especially in conjunction with a copy of the court of common pleas' sentencing order, (C.R. at 40), provided the Board with substantial evidence upon which it could recommit Petitioner as a CPV. *See Pitch v. Board of Probation and Parole*, 514 A.2d 638, 640 (Pa. Cmwlth. 1986) (stating that "a parolee's admissions to asserted parole violations constitute substantial evidence upon which to base a parole revocation order"); *Anderson v. Pennsylvania Board of Probation and Parole*, 497 A.2d 947, 950 (Pa. Cmwlth. 1985) (noting that it was "permissible to admit unauthenticated copies of state court records to show that a probationer was convicted

of subsequent criminal offenses during his probationary term"). With respect to the Board's imposition of 60 months' backtime for Petitioner's no contest plea to IDSI and corruption of a minor, Counsel correctly notes that this figure falls within the presumptive range for such convictions. *See* 37 Pa. Code §75.2 (stating that the presumptive range for IDSI and corruption of a minor is 27 to 40 months and 18 to 24 months, respectively); *Ward v. Pennsylvania Board of Probation and Parole*, 538 A.2d 971, 975 (Pa. Cmwlth. 1988) ("Where there are multiple offenses the Board may treat each offense separately and aggregate the presumptive ranges to arrive at an applicable presumptive range."). Therefore, we agree with Counsel that Petitioner cannot successfully challenge the Board's assessment of backtime as excessive or otherwise illegal. *See Houser v. Pennsylvania Board of Probation and Parole*, 675 A.2d 787, 789 (Pa. Cmwlth. 1996) ("This court will not review the Board's exercise of discretion in imposing backtime for parole violations where the violations are supported by substantial evidence and the backtime imposed is within the published presumptive ranges for those violations.").

As a final matter, this Court acknowledges Counsel's statement that Petitioner "is understandably perplexed about how he will still be serving a 20-year sentence 55 years after its imposition," (Brief for Petitioner at 8), and we have previously recognized "the harsh results that occur when a CPV has served a relatively long and successful period of parole but cannot obtain any street time credit." *Penjuke v. Pennsylvania Board of Probation and Parole*, __ A.3d __, __ (Pa. Cmwlth., No. 1304 C.D. 2017, filed February 1, 2019) (en banc), slip op. at 19. Nonetheless, as a result of legislative mandate, Petitioner automatically forfeited decades of sentencing credit for time spent at liberty on parole, first by virtue of being a CPV under former section 21.1(a) of the Parole Act, and then by being a CPV who committed an

10

enumerated crime that divested the Board of discretion to award sentencing credit under current section 6138(a)(2.1)(i) of the Parole Code.

That said, we are constrained to concur in Counsel's observation that "[r]easonable minds can differ as to the efficacy of the sentencing and [P]arole [C]ode provisions which compel this result, but there is no legal support for a claim that it is unlawful." (Brief for Petitioner at 9.) In 1979, our Supreme Court held that

> a state is not precluded by the Federal Constitution from giving paroled convicts an added inducement to 'go straight' by retaining the ability to recommit them for crimes they commit while on parole. No constitutional question is involved in the [] Board's failure to give [a parolee] credit for time on parole and its adjustment of the expiration date of his new maximum.

*Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 847 (Pa. 1979) (internal citation omitted). The holding in *Young* has not been undermined and continues to be followed by this Court as binding precedent. *See, e.g.*, *Lee v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 926 C.D. 2017, filed January 30, 2018) (unreported), slip op. at 4. Therefore, we agree with Counsel that Petitioner does not have a valid claim regarding the increases of his maximum sentence date for being a CPV.

In sum, Petitioner waived any and all legal issues with respect to the Board's October 17, 2018 order; Counsel's analysis contains substantial reasons for concluding that Petitioner does not have any basis in law or fact that would entitle him to relief; and, upon our independent review, we are unable to locate an issue that possesses arguable merit. Accordingly, we grant Counsel's Application and affirm the determination of the Board. *See Reavis*, 909 A.2d at 34 (granting counsel's application to withdraw where the petitioner waived all the issues in the petition for review; counsel conducted a sufficient review of those issues; and our independent review failed to

11

locate a meritorious issue); *Roy v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 98 C.D. 2009, filed October 6, 2009) (unreported), slip op. at 4-7 (same).


_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Parker,                        :
                    Petitioner            :
                                          :   No.  1514 C.D. 2018
            v.                            :
                                          :
Pennsylvania Board of                     :
Probation and Parole,                     :
                    Respondent            :

## ***ORDER***

AND NOW, this 13th day of June, 2019, the Application to Withdraw Appearance filed by David Crowley, Esquire, is GRANTED, and the decision of the Pennsylvania Board of Probation and Parole, dated October 17, 2018, is AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge