563 A.2d 545

**Joseph GAITO, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 17, 1989.

Decided June 20, 1989.

Publication Ordered Aug. 15, 1989.

Petition for Allowance of Appeal Denied March 26, 1990.

254

Lester G. Nauhaus, Public Defender, John H. Corbett, Jr., Chief–Appellate Division, Pittsburgh, for petitioner.

Robert Greevy, Chief Counsel, Timothy P. Wile, Asst. Chief Counsel, Harrisburg, for respondent.

Before PALLADINO and SMITH, JJ., and KALISH, Senior Judge.

KALISH, Senior Judge.

This is a petition to review an order of the Pennsylvania Board of Probation and Parole (Board) denying a petition to reconsider the imposition of backtime as a convicted parole violator. We affirm.

While on parole Joseph Gaito (petitioner) was arrested on April 23, 1986, and charged with burglary. He was confined to the State Correctional Institute of Pittsburgh. Petitioner failed to raise the $25,000 bail. The Board lodged its warrant and detainer against petitioner on April 24, 1986. At a preliminary hearing on May 9, 1986, a prima-facie case was established. In October, 1986, the Board ordered petitioner detained pending disposition of the new criminal charges. He was convicted on April 23, 1987, and given a revocation hearing on June 12, 1987. On August 7, 1987, the Board ordered the petitioner recommitted as a convicted parole violator and ordered him to serve twenty-four months backtime, when available, for his conviction on the burglary charge. On the burglary conviction he had been sentenced to a term of one-and-a-half to three years. On August 18, 1988, the Board fixed prospective reparole as of July 8, 1990. The Board allocated all of petitioner's pre-sentence commitment time to his burglary sentence since he failed to post the $25,000 bail.

The petitioner contends that the Board's detainer made it a useless gesture to attempt to secure any bail in view of his financial condition while incarcerated. Petitioner contends that the bail credit rule violates the equal protection clause of the Fourteenth Amendment to the United States

Constitution, and that the time spent in jail pendente lite should be credited to the twenty-four months backtime. This would, in effect, make the petitioner eligible to apply for parole at an earlier date.

■ Our scope of review is limited to a determination of whether necessary findings are supported by substantial evidence, an error of law was committed, or whether constitutional rights of the parolee were violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *O'Hara v. Pennsylvania Board of Probation and Parole*, 87 Pa.Commonwealth Ct. 356, 487 A.2d 90 (1985).

■ When a parolee is convicted of a new offense that was committed while on a parole term and the Board decides to recommit the parolee to prison, sections 331.21 and 331.21a of the Pennsylvania Probation and Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. §§ 331.21 and 33.21a, require in clear and unmistakable terms that the parolee serve the entire remaining balance of the original term, with no credit against the parolee's original sentence for the time served on parole. The reason is that the Board does not have the power to alter the parolee's judicially-imposed sentence and can only mandate that the parolee upon recommitment as a convicted violator serve the remaining balance of the unexpired term of the original sentence. *Gaito v. Pennsylvania Board of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980); *Thomas v. Myers*, 419 Pa. 577, 215 A.2d 617 (1966); *Hawkins v. Pennsylvania Board of Probation and Parole*, 88 Pa.Commonwealth Ct. 547, 490 A.2d 942 (1985).

Section 9760(1) of the Sentencing Code, 42 Pa.C.S. § 9760(1), provides:

> Credit ... shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial. ...

■ Time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term only when the parolee was eligible for, and had satisfied, bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant against him. *Gaito.* The record indicates that the petitioner did not apply for bail because he believed it would be useless under the circumstances.

In *Witman v. Pennsylvania Board of Probation and Parole,* 49 Pa.Commonwealth Ct. 649, 412 A.2d 194 (1980), the defendant, while awaiting trial, got in touch with the bail bondsman who advised him that because of the Board's detainer he would have to remain in prison until trial, even if he filed a bond. The defendant, as here, contended that the detaining was the primary reason for his incarceration and, therefore, the time spent in prison awaiting trial on the new sentence should be credited toward his original sentence backtime. We disagreed and held that since the defendant failed to satisfy bail requirements, a Board detainer, not being the sole reason for confinement, does not require that the time spent awaiting trial be credited on the original sentence.

■ In the instant case, since petitioner failed to post bail on the new burglary charge, he was being held in custody as a result of the new charges. The Board properly allocated this pre-sentence time to his new sentence.

■ Petitioner now raises the question of the equal protection clause of the Fourteenth Amendment, which was not discussed in *Witman.* More specifically, he contends in effect that because of his financial condition while incarcerated, the fixing of any bail is excessive. Petitioner contends that at least he should be given a hearing for a determination of the excessive bail issue.

Bail is a part of our criminal jurisprudence. Indeed, in *Bandy v. United States,* 81 S.Ct. 197, 5 L.Ed.2d 218 (1960) (single Justice opinion), the court indicated that an indigent defendant is denied equal protection of the law if he is

denied an appeal on equal terms with other defendants solely because of his indigence. Furthermore, the fixing of bail in even a modest amount may have the practical effect of denying him release. Under our rules of criminal procedure, specifically Pa.R.Crim.P. 4001–4003, a defendant has a right to be admitted to bail in all cases provided by law and may be released on his own recognizance in an appropriate case. However, in *Rivenbark v. Pennsylvania Board of Probation and Parole*, 509 Pa. 248, 501 A.2d 1110 (1985), our Supreme Court, in analyzing the claimed privileges and rights connected with parole, viewed the underlying statutory basis of the parole system. It indicated that a parole hearing is not a criminal prosecution. It does not convict the parolee of any crime. Rather, it is a purely administrative function where it is determined whether the parolee is fit for rehabilitation outside prison. Parole is based on the state's power to determine the penal system.

The fixing of bail was not a matter for the Board. The panel, after a detention hearing or a preliminary criminal hearing at which a prima-facie case was established, and bail fixed, simply determines whether the petitioner shall continue to be detained. The petitioner's failure to meet the bail was part of the criminal proceeding. He was being held in custody as a result of these new charges. Thus, the Board properly allocated this pre-sentence time to his new sentence.

Accordingly, we affirm.

## ORDER

NOW, June 20, 1989, the decision of the Pennsylvania Board of Probation and Parole is affirmed.

## ORDER

NOW, August 15, 1989, it is ORDERED that the above-captioned opinion filed June 20, 1989, shall be designated OPINION, rather than MEMORANDUM OPINION, and it shall be reported.