**Charles FEASTER, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 2, 1994.

Decided Feb. 8, 1995.

---

5. The UCBR found that Claimant did not have the inmate's authorization as claimed. (F.F. 6.)

Kent D. Watkins, for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, for respondent.

Before SMITH and KELLEY, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Charles Feaster petitions for review of the June 24, 1994 order of the Pennsylvania Board of Probation and Parole (Board) denying his request for review of the Board's recalculation of his parole violation maximum date. We affirm the Board's order.

On June 3, 1976, the Court of Common Pleas of Philadelphia County at No. 1994 of 1973 sentenced Feaster to serve a one to ten year term in a state correctional institution, effective May 9, 1976 and with a maximum term expiration date of May 9, 1986. (Original Record at 1.) On June 1, 1977, the Board released Feaster on parole after he served three hundred eighty eight days of his one to ten year term. (Original Record at 6.)

The Board had to recommit Feaster as a convicted parole violator and on February 25, 1980, it announced a recalculated maximum term expiration date of January 27, 1989 for his one to ten year term. (Original Record at 9–10.) After Feaster served an additional five hundred ninety days of his one to ten year term, the Board reparoled him on October 1, 1981. (Original Record at 15.)

On June 4, 1987, the Board again had to recommit Feaster as a convicted parole violator for the one to ten year term due to a new conviction resulting in a new three to six year term. Thus, the Board announced a recalculated maximum term expiration date of August 4, 1994 for the one to ten year term. (Original Record at 20.)

After Feaster served an additional six hundred forty days of the one to ten year term, bringing the total for that term to one thousand six hundred eighteen days served, the Board constructively reparoled him on January 8, 1989, to resume service of the new three to six year term with a maximum expiration date of January 23, 1994. (Original Record at 25–26.) After he served one thousand ninety five days of his three to six year term, the Board paroled him on January 23, 1991. (Original Record at 30.)

The Philadelphia police arrested Feaster on February 1, 1993 and charged him with burglary and related offenses. On February 2, 1993, he was released on bail. (Original Record at 31.) The Philadelphia police again arrested Feaster on February 19, 1993 and charged him with burglary. On February 20, 1993, he was released on bail. (Original Record at 33.) Pursuant to the Board's March 5, 1993 warrant, Feaster was detained pending disposition of his criminal charges. (Original Record at 34.)

On June 8, 1993, Feaster pleaded guilty to one robbery and one burglary, CP 93–04–4015 and 4016, and also to another burglary, CP 93–04–2656. (Original Record at 52–3.) His bail was revoked and the court sentenced Feaster to serve concurrent three to six year terms in a state correctional institution.

Accordingly, the Board recommitted Feaster to a state correctional institution as a convicted parole violator to serve forty eight additional months on the one to ten year term with reentry on the three to six year term upon constructive reparole from the one to ten year term. The Board announced a recalculated maximum term expiration date of February 24, 1999 for the one to ten year term. (Original Record 80–1, 85–6.) In a recalculation order remailed April 12, 1994, the Board predicted a recalculated maximum term expiration date of July 10, 2000 based on the prediction that, on July 10, 1997, the Board would constructively reparole him from the one to ten year term and reenter him on the three to six year term. (Original Record 82–4.)

On April 25, 1994, Feaster petitioned for review of the Board's recalculation order concerning his three to six year term, arguing that he did not owe forty eight months. (Original Record at 87.) On June 24, 1994, the Board denied the petition, stating as follows:

[A] review of your file indicates that on your Philadelphia County sentence at CP # 731001994, at the time of your parole from this sentence on January 8, 1989, you received credit for the 95 days from March 5, 1993 to June 8, 1993 during which you were detained solely on the basis of the Board's detainer. Therefore, you had 1939 days remaining on your original CP # 731001994 sentence [one to ten year term]. At the time of your parole from your Philadelphia County sentence at CP # 8605000535 [three to six year term], you had 1096 days remaining backtime. Therefore, you had a total of 3035 days remaining to be served on the two sentences. . . .

(Original Record at 88.)

On July 24, 1994, Feaster filed a petition for review of the Board's June 24, 1994 determination denying his petition for review of the recalculation order concerning the three to six year term.

The issues before us for review are whether the Board erred in determining that 1) Feaster was entitled to ninety five days of credit for time served while under a Board warrant only with respect to the one to ten year term; and 2) Feaster was required to serve forty eight months of backtime. Our scope of review is limited to determining whether the Board's order is supported by substantial evidence, is in accordance with the law or whether a violation of constitutional rights has occurred. *Seyler v. Pennsylvania Board of Probation and Parole,* 97 Pa.Commonwealth Ct. 302, 509 A.2d 438 (1986).

### 1. Credit for Time Served While Under Board Detainer

Citing *Gaito v. Pennsylvania Board of Probation and Parole,* 128 Pa.Commonwealth Ct. 253, 563 A.2d 545 (1989), *petition for allowance of appeal denied,* 525 Pa. 589, 575 A.2d 118 (1990), Feaster argues that the Board erred in refusing to credit him for all time served while exclusively under its warrant. Specifically, he argues that, because one warrant encompassed both the CP # 731001994 (one to ten year term) and the CP # 8605000535 (three to six year term) sentences, the Board should have given him credit on both sentences and not just ninety five days for the one to ten year term.

In *Gaito,* we held as follows:

Time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term only when the parolee was eligible for, and had satisfied, bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant against him. . . .

*Id.* at 257, 563 A.2d at 547.

The Board concedes that "[a]n individual is entitled to credit toward their original sentence for the period of time during which they are incarcerated solely on the basis of

the Board's detainer,"[1] but argues that it did not err in crediting *only* Feaster's one to ten year term with ninety five days and *not* the three to six year term as well.

■ Feaster is required to serve the one to ten year and the three to six year terms consecutively. *Commonwealth v. Dorian,* 503 Pa. 116, 468 A.2d 1091 (1983). Further, when a convicted parole violator is recommitted, he is required to once again serve consecutive sentences in consecutive order. *Emmi v. Pennsylvania Board of Probation and Parole,* 74 Pa.Commonwealth Ct. 554, 460 A.2d 889 (1983); Section 21.1 of the "Parole Act," Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. § 331.21a(a)(1). Thus, while on the Board's detainer from March 5, 1993 to June 8, 1994, the Board contends that Feaster's one to ten year sentence and three to six year sentence were not transformed into concurrent sentences merely because, as a convicted parole violator, he was paroled from those sentences. We agree.

■ There is simply no basis here for Feaster's contention that the Board should have given him double credit for time served while under the detainer. Notwithstanding the fact that the Board issued only one warrant for both sentences, Feaster was under warrant for ninety five days, *not* one hundred ninety days. Thus, we conclude that consecutive sentences do not lose their consecutive nature during the period of a Board detainer and, accordingly, agree with the Board that it was proper to credit only Feaster's original sentence, the one to ten year term, with the ninety five days. *Gaito.* Feaster simply was not entitled to serve his consecutive sentences concurrently during the period of the Board's detainer and earn credit simultaneously for both sentences.

## 2. Backtime Calculation

According to 35 Pa.Code § 61.1, backtime is defined as "the unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled." Feaster argues that the Board erred in determining that he had to serve forty eight months of backtime because, under the Board's calculations, Feaster must now not only serve the three years that he would have served had he not been paroled, but also four years of a sentence that has a maximum period of only three years remaining. He cites *Merritt v. Pennsylvania Board of Probation and Parole,* 524 Pa. 577, 574 A.2d 597 (1990) in support of his argument.[2]

The Board contends that, contrary to Feaster's claims, he will not have to serve any additional time on his *three to six year term,* but quite properly will serve the forty eight months with regard to his *one to ten year term,* on which he still owed two thousand thirty four days when the Board reconstructively reparoled him on January 8, 1989. We agree with the Board.

The record supports the fact that the backtime imposed here was added to the one to ten year term, and not the three to six year term. According to the Board's November 3, 1993 action, Feaster was to be recommitted to a state correctional institution as a convicted parole violator with a "[v]iolation time of 48 months to be served on # *AF–7104* and recommit when available on # *AS–2405.*" (Original Record at 80) (emphasis added).

■ One of Feaster's referencing numbers on the April 5, 1977 "Initial Sentencing Report" for the one to ten year term is *F–7104.* (Original Record at 1.) In the January 11, 1989 "Initial Sentence Status Report" for the three to six year term, one of the referencing numbers is *S–2405.* (Original Record at 26.) Thus, the record supports the Board's position that it added the forty eight months of backtime to the one to ten year term and merely recalculated the predicted maximum term expiration date for the three to six year

---

1. (Board's June 24, 1994 Decision, Original Record at 88.) Section 21.1 of the "Parole Act," Act of August 6, 1941, P.L. 861, *as amended,* 61 P.S. § 331.21a(a)(1).

2. In *Merritt,* our Supreme Court reiterated that the sum total of aggregate backtime imposed by the Board plus the time served prior to parole cannot exceed the total aggregate maximum sentence first imposed by the trial court, whether the sentences first imposed are consecutive, concurrent or a combination of both.

term. Accordingly, we conclude that the Board did not erroneously increase the time to be served on the three to six year term.

For the above reasons, we affirm.

### ORDER

**AND NOW,** this 8th day of February, 1995, the order of the Pennsylvania Board of Probation and Parole dated June 14, 1994 is hereby affirmed.