**Darryl CAMPBELL, Petitioner,**

**v.**

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS, Respondent.**

Commonwealth Court of Pennsylvania.

Decided March 25, 1999.
Publication Ordered April 8, 1999.

---

Darryl Campbell, petitioner, pro se.

Clifford D. Swift, Camp Hill, for respondent.

PER CURIAM.

Before this court in our original jurisdiction is an application for summary relief filed by petitioner, Darryl Campbell, an incarcerated individual. Petitioner seeks in his petition for review in the nature of mandamus to change the application of pre-trial confinement credit from one criminal sentence to another. Respondent Department of Corrections' preliminary objection was previously overruled. An answer with new matter has been filed as well as a reply to new matter.

■■■ In accordance with Pa. R.A.P. 1532(b), petitioner is entitled to relief only if his right to relief is clear. Further, mandamus will lie only where the petitioning party demonstrates his clear right to relief, a correspondingly clear duty on the part of the party against whom mandamus is sought, and the want of any other adequate remedy. *Francis v. Corleto*, 418 Pa. 417, 211 A.2d 503 (1965). Mandamus can only be used to compel performance of a ministerial duty and will not be granted in doubtful cases. *Id.*

The facts as gleaned from the pleadings are that petitioner was sentenced at No. 85–07–370 on June 11, 1986 to a term of 5 to 10 years for the offense of voluntary manslaughter. On that same date he was also sentenced at No. 85–07–2603 to 2½ to 5 years for possession of instruments of a crime, to be served consecutively to the 5 to 10 year sentence; 2½ to 5 years at No. 85–07–2604 for criminal conspiracy, to run consecutive to the 5 to 10 year sentence and concurrently to the 2½ to 5 year sentence; and, 2½ to 5 years at No. 85–07–2606 for escape, to be served consecutively to the 5 to 10 year sentence and concurrently to both other 2½ to 5 year sentences. The 2½ to 5 year sentence at 87–07–2603 was later vacated by the common pleas court.

Although only one 2½ to 5 year sentence was vacated, the Department of Corrections erroneously calculated petitioner's sentence as an aggregate of 5 to 10 years with an effective date of May 23, 1985, a minimum of May 23, 1990, and a maximum of May 23, 1995.[1] Petitioner's minimum **should** have been calculated as November 23, 1992, and his maximum as May 23, 2000.[2] Because of the Department of Corrections' error, however, incorrect information was forwarded to the Pennsylvania

---

1. These dates are not in dispute.

2. These dates also are not in dispute.

**634**

Board of Probation and Parole which then improperly paroled petitioner on November 5, 1991, approximately 2½ years before he should have been paroled pursuant to his correctly calculated minimum.

While on parole petitioner committed a new crime of possession with intent to manufacture or deliver a controlled substance. He was apparently arrested on December 4, 1992, in connection with that offense and did not post bail. On December 30, 1993, he was sentenced to serve 3½ to 8 years. Thereafter, on February 28, 1994, he was recommitted by the Pennsylvania Board of Probation and Parole as a convicted parole violator. The Department of Corrections then discovered its calculation error and on September 30, 1997, it corrected its records to reflect the correct minimum and maximum dates of petitioner's sentences. Finally, on August 25, 1998, the Pennsylvania Board of Probation and Parole "rescinded" all of its prior actions, including petitioner's parole.

What is at issue here is the period from December 4, 1992, (apparent re-arrest date on new crime) through December 30, 1993, (sentencing date for new offense). Petitioner asserts that because he did not make bail on the new charge, his pre-trial time should be credited to his new sentence in accordance with *Gaito v. Pennsylvania Board of Probation and Parole,* 128 Pa.Cmwlth. 253, 563 A.2d 545 (1989). The Department of Corrections argues that because his parole was rescinded, he was never on parole and therefore, his time was properly, albeit tardily, credited to his old sentences.

Thus, the legal question we must decide is what is the affect of the Pennsylvania Board of Probation and Parole's recission order with regard to the credit of petitioner's pre-trial confinement time on the new charges.

■ There are no material facts in dispute and the question is one of law. Therefore, the application for summary relief is ripe for disposition. We are of the view that petitioner is correct that while,

technically, his parole may have been improper and the Pennsylvania Board of Probation and Parole, for record-keeping purposes has rescinded it, he was, in fact, at liberty until his arrest on the new charges and therefore, with regard to the credit issue he must be regarded as having been on parole, although improperly so. Further, to accept the Department of Corrections' argument that all parole actions were void ab initio and that petitioner, while on the street was actually "in prison" under the old sentences would also lead to the conclusion that any warrant to detain that the Pennsylvania Board of Probation and Parole may have issued would have been invalid. Such a position strains credulity and may cause other legal actions to be called into question. Accordingly, we agree that petitioner is entitled to have his pre-trial confinement time on the new charges allocated to his new sentence and we will, therefore, grant his application for summary relief.

### *ORDER*

**NOW,** March 25, 1999, upon consideration of petitioner's application for summary relief, the application is granted and the Department of Corrections is directed to credit petitioner's time for the period from December 4, 1992 through December 30, 1993 to his 3½ to 8 year sentence within twenty days of entry of this order.