IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Theodore Lawrence,                          :
                    Petitioner              :
                                            :
        v.                                  :   No. 1132 C.D. 2018
                                            :   Submitted: December 28, 2018
Pennsylvania Board of                       :
Probation and Parole,                       :
                    Respondent              :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                           FILED: April 12, 2019

        Theodore Lawrence, an inmate at the State Correctional Institution at
Dallas (SCI-Dallas), petitions for review of an adjudication of the Pennsylvania
Board of Probation and Parole (Board) denying his administrative appeal. Lawrence
asserts that the Board erred in recalculating his maximum sentence date and, by
doing so, altered a judicially imposed sentence. He also asserts that the Board erred
by not crediting his sentence for time he was at liberty on parole. Concluding that
Lawrence's arguments lack merit, we affirm.

        On January 19, 2007, Lawrence was sentenced to a minimum sentence
of three years to a maximum of 10 years on drug-related offenses (2007 sentence).
At the time the sentence was imposed, Lawrence's maximum sentence date was
January 19, 2017. On February 16, 2010, Lawrence was released on parole to a
community corrections facility.

On October 9, 2010, Lawrence was arrested in Philadelphia on new criminal charges. He posted bail but remained incarcerated on the Board's warrant. On February 8, 2012, Lawrence was convicted and sentenced to a term of one and one-half to three years in state prison (2012 sentence). As a result, the Board recommitted Lawrence as a convicted parole violator to serve 18 months of backtime on his 2007 sentence and recalculated his maximum sentence date to March 29, 2018. In doing so, the Board credited Lawrence's sentence for the 487 days he was incarcerated from October 9, 2010, to February 8, 2012.

By notice dated September 24, 2012, the Board reparoled Lawrence from his 2007 sentence to serve a "state detainer sentence." Certified Record at 8 (C.R. ___). Lawrence started serving the detainer sentence on October 11, 2012, and completed it on September 9, 2015. Upon release from prison, Lawrence remained on parole from his 2007 sentence.

On June 11, 2016, Lawrence was arrested in Philadelphia on drug-related offenses. He did not post bail on the new charges and was detained in county prison. The Board issued a warrant to commit and detain Lawrence on June 12, 2016. On November 2, 2016, Lawrence pled guilty and was sentenced to a term of 11 months, 15 days to 23 months in county prison (2016 sentence). On March 9, 2017, Lawrence signed a waiver of his right to a parole revocation hearing and his right to counsel; he acknowledged that his new felony convictions violated his parole. On May 27, 2017, Lawrence returned to state custody after being granted parole on his 2016 sentence. On August 1, 2017, the Board issued a decision recommitting Lawrence as a convicted parole violator to serve 18 months of backtime on his 2007 sentence and recalculated his maximum sentence date as November 12, 2022. More specifically, the Board started with the day he was

2

returned to state custody, May 27, 2017, and added 1,995 days that remained on Lawrence's 2007 sentence when he was paroled on October 11, 2012.

On August 30, 2017, Lawrence filed an Administrative Remedies Form with the Board challenging its recalculation of the maximum sentence date.[1] The Board responded to Lawrence's administrative appeal with two decisions dated, respectively, June 19, 2018, and June 21, 2018. The June 19, 2018, decision modified the Board's August 1, 2017, recommitment decision by adding the following statement:

> The Board in its discretion did not award credit to you for the time spent at liberty on parole for the following reason:
>
> -- New conviction same/similar to the original offense.
>
> The rest of the Board action recorded on 08/01/2017 remains the same.

C.R. 133. The Board's June 21, 2018, decision affirmed its August 1, 2017, decision and explained that when Lawrence was released on parole on October 11, 2012, he had 1,995 days remaining on his 2007 sentence. As a convicted parole violator, Lawrence was required to serve the remainder of his sentence and was not entitled to credit for any periods of time he was at liberty on parole, including constructive parole. Likewise, Lawrence was not entitled to credit for his detention in the county prison prior to his November 2, 2016, sentencing because he was not detained solely by the Board during that period. Board Adjudication (06/21/2018), at 1 (quoting

---

[1] On May 10, 2018, having received no response, Lawrence filed a petition for review in the nature of mandamus in this Court's original jurisdiction. By order dated July 24, 2018, this Court dismissed the case on the grounds of lack of original jurisdiction and directed Lawrence to "file a timely appellate jurisdiction petition for review once [the Board] responds to his administrative appeal." *Lawrence v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 354 M.D. 2018, dismissed July 24, 2018), Order (7/24/2018).

*Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980)); C.R. 136. The Board further explained that Lawrence was required to serve the 2016 sentence before he could resume serving his 2007 sentence. Because Lawrence returned to state custody on May 27, 2017, adding 1,995 days to that date resulted in the new maximum sentence date of November 12, 2022. Lawrence now petitions this Court for review.[2]

On appeal, Lawrence raises two issues for our consideration. First, he argues that the Board erred in recalculating his parole violation maximum date, which altered a judicially imposed sentence. Second, he argues that the Board abused its discretion by not awarding him credit for the time he spent at liberty on parole, and by not explaining that decision.

In his first issue, Lawrence argues that the Board lacks the statutory authority to change his maximum sentence date from March 29, 2018, to November 12, 2022. Further, its order recalculating his sentence is unconstitutional because it violates the separation of powers doctrine.

It is well settled that the Board has the authority to forfeit street time, *i.e.*, time spent at liberty on parole, when a parolee is recommitted as a convicted parole violator. Section 6138(a) of the Prisons and Parole Code[3] (Parole Code) states, in relevant part:

> (a)  Convicted violators. –
>
> (1)  A parolee under the jurisdiction of the board released from a correctional facility who, during the

[2] Our scope of review determines whether the Board erred as a matter of law or violated the parolee's constitutional rights or whether the Board's decision is supported by substantial evidence. *Harden v. Pennsylvania Board of Probation and Parole*, 980 A.2d 691, 695 n.3 (Pa. Cmwlth. 2009).

[3] 61 Pa. C.S. §§101-7123.

period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

(2) *If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.*

61 Pa. C.S. §6138(a) (emphasis added). In turn, Section 6138(a)(2.1) provides:

(2.1) The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. §6138(a)(2.1). In short, convicted parole violators are not entitled to sentence credit for their street time. The Parole Code authorizes the Board to recalculate a convicted parole violator's maximum sentence date to account for his street time.

Lawrence's constitutional challenge to the Board's recalculation of his parole violation maximum date also lacks merit. Our Supreme Court has explained the differences between a judicially imposed sentence and backtime:

> The distinction between sentences imposed by the judiciary upon convicted criminal defendants and backtime compelled by the Board upon parole violators is significant. A sentence can be defined as the judgment formally pronounced by the court upon a defendant who has been convicted in a new criminal prosecution and which imposes the term of punishment to be served. By way of comparison, *backtime is "that part of an existing judicially-imposed sentence which the Board directs a parolee to complete* following a finding[,] after a civil administrative hearing[,] that the parolee violated the terms and conditions of parole," and before the parolee begins to serve the new sentence.

*Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 303 (Pa. 2003) (citations omitted) (emphasis added). Stated otherwise, "service of backtime relates to the original sentence from which an offender is paroled and is unrelated to any sentence required for a conviction on other criminal charges." *Id.* The Board's authority to direct a parolee who is convicted of a crime committed while on parole to serve the unexpired balance of his original maximum sentence does not usurp a court's sentencing function or constitute a violation of a parolee's due process rights. *Gaito*, 412 A.2d at 570. Further, our Supreme Court has observed that the Board "is under no constitutional obligation to diminish the length of the sentence of a recommitted parole[e] by a period equal to the time when the prisoner was on parole." *Id.* (quoting *Commonwealth ex rel. Thomas v. Myers*, 215 A.2d 617, 619 (Pa. 1966)). Accordingly, we reject Lawrence's challenge to the Board's authority to recalculate his maximum sentence date.

Further, the Board did not err in recalculating Lawrence's maximum sentence date on his 2007 sentence. On October 11, 2012, the Board paroled Lawrence from his 2007 sentence and directed him to serve his "state detainer sentence." C.R. 8. This left Lawrence with 1,995 days remaining on his 2007 sentence. This Court has defined a "detainer sentence" as

> a sentence, separate and distinct from that sentence the parolee is presently serving, which is noted on the parolee's institutional records to ensure that, after the parolee has completed his present term, he will be available to the authority which imposed the separate sentence for service of that separate sentence rather than being released from confinement.

*Weyand v. Pennsylvania Board of Probation and Parole*, 503 A.2d 80, 82 n.5 (Pa. Cmwlth. 1986). When a prisoner is administratively paroled from one sentence and, rather than being released from prison, is immediately reentered to serve another sentence, he has been constructively paroled. *Hines v. Pennsylvania Board of Probation and Parole*, 420 A.2d 381, 383 n.2 (Pa. 1980). "While still in prison, the prisoner is serving the detainer sentence and is considered 'at liberty on parole' from the initial sentence." *Weyand*, 503 A.2d at 85. Accordingly, the Board did not err in forfeiting Lawrence's time spent in serving the detainer sentence from October 11, 2012, through September 9, 2015, during which time he was considered "at liberty on parole" from his 2007 sentence. *Id.*

Nor was Lawrence entitled to credit for time spent at a county prison prior to his November 2, 2016, sentencing. In *Gaito*, 412 A.2d 568, our Supreme Court set forth the following guidelines for crediting time a parolee serves as the result of new criminal charges:

> [I]f a defendant is being held in custody solely because of a detainer lodged by the Board and has otherwise met the

7

requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence. If a defendant, however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.

*Id*. at 571.

Here, Lawrence was arrested in Philadelphia on June 11, 2016, on new criminal charges. The next day, the Board issued a warrant to commit and detain Lawrence. He did not post bail on the new charges and was detained in county prison until November 2, 2016, when he pled guilty. Therefore, under *Gaito*, the time Lawrence spent in county prison from June 11, 2016, through November 2, 2016, was credited towards his new sentence and not his 2007 sentence. Further, Lawrence is not entitled to credit towards his 2007 sentence for time served on his 2016 sentence from November 2, 2016, to May 27, 2017. The Board has no authority to allow Lawrence's backtime to be served concurrently with a new sentence. 61 Pa. C.S. §6138(a); *see also Feaster v. Pennsylvania Board of Probation and Parole*, 654 A.2d 645 (Pa. Cmwlth. 1995). Thus, the Board did not err in adding the 1,995 days remaining on Lawrence's 2007 sentence to May 27, 2017, which results in the new maximum sentence date of November 12, 2022.

In his second issue, Lawrence argues that the Board abused its discretion by not awarding him credit for the time he spent at liberty on parole and, further, by not providing him an explanation for this decision, as required by *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017).

In *Pittman*, the Supreme Court held that the Board has discretion under Section 6138(a)(2.1) of the Parole Code, 61 Pa. C.S. §6138(a)(2.1), to grant a convicted parole violator credit for time spent at liberty on parole. Where it chooses

8

not to give the convicted parole violator credit for this time, it must "provide a contemporaneous statement explaining its reason for denying credit for time spent at liberty on parole" in order "to honor the basic notion of due process" and effectuate the intent of the General Assembly in enacting Section 6138(a)(2.1). *Pittman*, 159 A.3d at 475.

Here, the Board's August 1, 2017, decision, as modified by its June 19, 2018, decision, recommitted Lawrence as a convicted parole violator and stated that the Board "in its discretion did not award credit to [Lawrence] for the time spent at liberty on parole for the following reason: -- new conviction same/similar to the original offense." C.R. 133. The Board articulated the basis for its decision to deny Lawrence credit for his street time, which satisfies *Pittman*.

Finally, Lawrence argues that the Board abused its discretion in denying him credit for his street time. "An abuse of discretion is not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or the record." *Zappala v. Brandolini Property Management, Inc.*, 909 A.2d 1272, 1284 (Pa. 2006). Here, the Board denied Lawrence credit for his street time because the new offense was "same/similar to the original offense." C.R. 133. The Board's rationale is not "manifestly unreasonable, or the result of partiality, prejudice, bias or ill will." *Zappala*, 909 A.2d at 1284. Thus, the Board did not abuse its discretion by not awarding Lawrence credit for the time he spent at liberty on parole.

For the foregoing reasons, we affirm the Board's June 21, 2018, adjudication.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Theodore Lawrence,                              :
                   Petitioner                         :
                                      :
              v.                                :  No. 1132 C.D. 2018
                                        :
Pennsylvania Board of                           :
Probation and Parole,                           :
                   Respondent                        :

## **O R D E R**

AND NOW, this 12th day of April, 2019, the order of the Pennsylvania Board of Probation and Parole, dated June 21, 2018, in the above-captioned matter is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge