Commonwealth of Pennsylvania    :
                                 :
        v.                       :
                                 :
William Dicks,                   :    No. 721 C.D. 2020
            Appellant            :    Submitted: January 27, 2023


BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON            FILED: June 14, 2023


        William Dicks (Appellant) appeals *pro se* from the January 18, 2019 order (Trial Court Order) of the Court of Common Pleas of Philadelphia County (trial court) that denied his "Motion for Time Credit" (Motion for Time Credit), which the trial court treated as a petition under the Post Conviction Relief Act[1] (PCRA). Upon review, we vacate the Trial Court Order and accept the Motion for Time Credit as a petition for review filed with this Court in its original jurisdiction.

        On June 21, 1990, Appellant received consecutive sentences of four to nine years of incarceration for convictions of robbery and conspiracy (Robbery Convictions). *See* Trial Court PCRA Opinion April 28, 2019 (Trial Court Opinion) at 1, n.1; *see also* Docket No. CP-51-CR-0110611-1985. With 11 months remaining

_____

[1] 42 Pa.C.S. §§ 9541-46.

on the maximum dates of the Robbery Convictions,[2] police arrested Appellant on the charges underlying the instant appeal. *See* Trial Court Opinion at 1; *see also* Docket No. CP-51-CR-0001238-2008.

On January 8, 2013, Appellant entered a negotiated *nolo contendere* plea to indecent assault of a person under 13 years old and corruption of minors (Assault Convictions). *See* Trial Court Opinion at 1; *see also* Docket No. CP-51-CR-0001238-2008 (Assault Docket). Appellant received a sentence of two to four years of incarceration for the indecent assault conviction and a consecutive term of five years of probation for the corruption of minors conviction, with credit for time served. *See id.* Appellant did not appeal his judgment of sentence on the Assault Convictions. *See* Trial Court Opinion at 2.

On August 5, 2013, Appellant filed a timely *pro se* PCRA petition claiming that his trial counsel's deficient performance had caused him to enter an involuntary plea regarding the Assault Convictions. *See* Trial Court Opinion at 2. The trial court, which was also the PCRA court, appointed counsel, who filed a *Turner/Finley*[3] letter that concluded Appellant's claim lacked merit. *See id.* Appellant objected to PCRA counsel's *Turner/Finley* letter and raised another claim that PCRA counsel had failed to file a direct appeal as directed. *See id.* The PCRA court conducted a hearing on February 3, 2017, and dismissed Appellant's PCRA petition thereafter. *See id.* Appellant appealed the dismissal of his PCRA petition

---

[2] Appellant had been sentenced to serve his conspiracy conviction sentence consecutive to his robbery conviction sentence. *See* Docket No. CP-51-CR-0110611-1985 at 2. At the time of his arrest in the matter underlying the instant appeal, Appellant's sentence on his robbery conviction had maxed out, but he was still serving the sentence on his conspiracy conviction. *See id.*

[3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

2

to the Superior Court, which affirmed the PCRA court's dismissal. *See id.* Appellant filed a petition for allowance of appeal that the Supreme Court denied on April 30, 2019.[4] *See id.*; *see also Commonwealth v. Dicks* (Pa. Super., No. 774 EDA 2017, filed Oct. 24, 2018), slip op. at 6.

On December 21, 2018, Appellant filed the Motion for Time Credit at issue in the instant matter. *See* Trial Court Opinion at 3; *see also* Motion for Time Credit. Therein, Appellant claimed he was not awarded all credit to which he was entitled for time served on the Assault Convictions. *See generally* Motion for Time Credit. The Commonwealth filed a response to the Motion for Time Credit on January 15, 2019, that conceded Appellant should receive some credit for time served and requested an evidentiary hearing to allow Appellant to prove the credits to which he claims entitlement. *See* Trial Court Opinion at 3; *see also* Response of the Commonwealth of Pennsylvania to the Motion for Time Credit Filed by Appellant.

On January 18, 2019, the trial court entered the Trial Court Order dismissing the Motion for Time Credit. *See* Trial Court Order. The Trial Court Order explained that because

> the sole basis of [Appellant's] claim is error in computation of time credit to be applied to [Appellant's] sentence made by the Department of Corrections, [Appellant's] relief must be sought through a [m]andamus [a]ction filed in Commonwealth Court. (*See McCray v. Pa.* [*Dep't of Corr.*], 872 A.2d 1127, 1130 (Pa. [] 200[5]); *Gaito v.* [*Pa.*] [*Bd.*] *of Prob*[. &] *Parole*, [] 563 A.2d 545 ([Pa. Cmwlth.] 1989).

---

[4] The Supreme Court had not yet ruled on Appellant's petition for allowance of appeal at the time the trial court filed the Trial Court Opinion. *See* Trial Court Opinion at 2; *see also Commonwealth v. Dicks* (Pa. Super., No. 774 EDA 2017, filed Oct. 24, 2018), slip op. at 6.

Trial Court Order. Appellant timely appealed to this Court.

On appeal, Appellant claims that the trial court erred and abused its discretion by dismissing the Motion for Time Credit where a question remained as to whether the Department of Corrections (Department) awarded all credit for time served to which Appellant was entitled on the Assault Convictions.[5] The Commonwealth counters that the trial court properly dismissed the Motion for Time Credit because claims regarding miscalculated credit for time served must be brought in the Commonwealth Court as opposed to before a court of common pleas.

As our Supreme Court has observed:

> Where discretionary actions and criteria are not being contested, but rather the actions of the Department in computing an inmate's maximum and minimum dates of confinement are being challenged, an action for mandamus remains viable as a means for examining whether statutory requirements have been met.

*McCray*, 872 A.2d at 1130-31. Thus, the Commonwealth Court is the appropriate forum for claims challenging the Department's calculation of the application of an inmate's credit for time served. *See id.* at 1131.

---

[5] Appellant states his question presented as follows:

> I. Whether based on the information the Appellant provided to the [trial] court, there may be a question as to whether or not he received all the credit he was entitled to for the time spent detained [] and the [trial] court abused its discretion in determining "Petitioner's relief must be sought through a mandamus action filed in the Commonwealth Court["] while citing McCray v. Pa. [Dep't] of Corr[.], 872 A.2d 1127, 1130 (Pa. 200[5])?

Appellant's Brief at 4 (all capitals omitted).

4

Regarding the transfer of erroneously filed matters, Section 5103(a) of the Judicial Code provides:

> If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

42 Pa.C.S. § 5103(a).

Here, although the trial court treated this matter as a petition filed pursuant to the PCRA,[6] it is apparent from a review of the Motion for Time Credit that Appellant is challenging his maximum and minimum dates of confinement based on the application of credits for time served to which Appellant claims he is entitled. Thus, the matter is properly viewed as a mandamus request over which this Court has jurisdiction. *See McCray*. Therefore, the trial court should have

---

[6] To the extent the Trial Court Opinion observes that a trial court acting as a PCRA court has no jurisdiction to entertain an additional PCRA petition during the pendency of a previously-filed PCRA petition, we observe that the claims contained in the Motion for Time Credit differed from the claims of Appellant's first PCRA petition and were further improperly characterized as a PCRA petition when they should have been brought in a mandamus action before this Court, as discussed herein.

5

transferred the matter to this Court pursuant to Section 5103(a) of the Judicial Code and erred by not doing so. *See* 42 Pa.C.S. § 5103(a).

Because the trial court erred by not transferring the Motion for Time Credit to this Court, we vacate the Trial Court Order. Instead, we will treat the Motion for Time Credit as being transferred to this Court with a filing date of December 21, 2018. We direct the Prothonotary to assign the matter for disposition by the Court.

_____
CHRISTINE FIZZANO CANNON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
    :
v.    :
    :
William Dicks,    :    No. 721 C.D. 2020
      Appellant    :

## O R D E R

AND NOW, this 14th day of June, 2023, the January 18, 2019 order of the Court of Common Pleas of Philadelphia County is VACATED.

Appellant William Dicks' Motion for Time Credit, filed in the Court of Common Pleas of Philadelphia County on December 21, 2018, shall be treated as a petition for review addressed to this Court's original jurisdiction. *See* 42 Pa.C.S. § 761; Pa.R.A.P. 1502. Accordingly, the Prothonotary shall docket the Motion for Time Credit as a petition for review and assign a new docket number in this Court's original jurisdiction. The Prothonotary is further directed to assign the matter to a panel of this Court for disposition on the papers.

The Prothonotary shall send a copy of this Order to the Honorable Susan I. Schulman of the Court of Common Pleas of Philadelphia County.

_____
CHRISTINE FIZZANO CANNON, Judge