IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Randall J. Eckman,                              :
                        Petitioner              :
                                                :
            v.                                  :     No. 894 C.D. 2022
                                                :     Submitted: October 10, 2023
Pennsylvania Parole Board,                      :
                        Respondent              :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                       FILED:  May 8, 2024


        Randall J. Eckman (Petitioner) has petitioned this Court to review a decision of the Pennsylvania Parole Board (Board), mailed April 1, 2022, denying his request for administrative relief.  Additionally, David Crowley, Esq. (Counsel), Petitioner's court-appointed counsel, has filed a letter pursuant to *Commonwealth v. Turner* and an application to withdraw[1] asserting the appeal lacks merit.  After careful review, we deny Counsel's application to withdraw and direct him to file either an amended application to withdraw or a brief addressing the merits of the petition for review.

---

        [1] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

# I. BACKGROUND[2]

On June 5, 2012, Petitioner was sentenced to two and one-half to five years of incarceration for driving under the influence.[3] *See* Sentence Status Summ., 2/4/13, at 1. While incarcerated, he received a consecutive 2- to 5-year sentence for criminal trespass,[4] for an aggregate of 4½ to 10 years of incarceration. *See* Sentence Status Summ., 2/8/14, at 1.

Petitioner was paroled February 16, 2016, with a maximum sentence date of September 19, 2021. On April 1, 2016, he was detained on a Board warrant as well as new charges. On May 9, 2016, he was recommitted as a technical parole violator (TPV). His maximum sentence date was recalculated to September 30, 2021.

Petitioner was paroled again on October 1, 2016, to Alle-Kiski Pavilion but was detained on a Board warrant on November 17, 2016. On August 10, 2017, following a guilty plea, Petitioner received a county sentence of time served to 23 months. *See* Supervision History (unexecuted). On January 10, 2018, Petitioner was released to Alle-Kiski Pavilion. *See* Supervision History, executed 4/17/19.[5]

On April 5, 2019, Petitioner was arrested on new charges[6] and a Board detainer. Petitioner did not post bail. On September 9, 2019, Petitioner entered a guilty plea to assault and related charges. On November 21, 2019, Petitioner was

---

[2] Unless otherwise stated, we base the recitation of the facts on the Board's response to Petitioner's administrative remedies form, mailed April 1, 2022. *See* Response to Admin. Remedies Form, 4/1/22, at 1-3.

[3] 75 Pa.C.S. § 3802(a)(1); 75 Pa.C.S. § 6503.1.

[4] 18 Pa.C.S. § 3503.

[5] It appears, from the record, that because the Board did not timely hold a revocation hearing, it did not revoke Petitioner's parole. *See* Revocation Hr'g R., 1/4/18, at 4.

[6] 18 Pa.C.S. §§ 2701, 2705, 2718.

sentenced to 12 to 24 months in a state correctional institution (SCI), to run concurrent with his original sentences. He did not receive credit for time served.

After Petitioner waived his right to a revocation hearing, the Board recommitted him as a convicted parole violator (CPV) on May 1, 2020. Petitioner did not receive credit for time spent at liberty on parole due to his supervision failures, conviction for assault, unresolved drug and alcohol issues, and domestic violence. He received credit for 430 days of confinement time, with 1,395 days of backtime owed. The Board recalculated his maximum sentence date to November 26, 2023.

Petitioner filed serial petitions seeking administrative relief and challenging the calculation of his sentence and credit for various periods of time. *See* Correspondence, 5/21/20; Correspondence, 6/1/20; *see also* Admin. Remedies Forms, 6/25/20, 7/10/20. On July 19, 2020, the public defender of Huntingdon County filed an administrative remedies form on Petitioner's behalf, reiterating his *pro se* claims.

On September 24, 2020, the Court of Common Pleas of Armstrong County (Armstrong County trial court) vacated Petitioner's November 21, 2019 sentence for simple assault and resentenced Petitioner to 12 to 24 months of county incarceration and ordered that he be released on parole once he reached his minimum sentence. On November 17, 2020, Petitioner sent additional correspondence to the Board, contending that his Armstrong County sentence was to run concurrent with his prior sentence. *See* Correspondence, 11/17/20.

On May 26, 2021, the Board issued a modified order to recommit, recalculating Petitioner's maximum sentence date to July 6, 2024. *See* Order to Recommit, 5/26/21. This calculation included 444 days of confinement time, and

3

1,381 days of backtime owed. Because the Board had recalculated Petitioner's maximum sentence date, it dismissed his prior objections to the May 1, 2020 recommitment as moot. *See id.*

On June 16, 2021, Petitioner filed an administrative remedies form, arguing that he was entitled to credit for time served in Alle-Kiski Pavilion, and time incarcerated in Armstrong County Prison, Westmoreland County Jail, SCI-Benner, and Armstrong County Jail, on the Board's detainer. On June 22, 2021, Petitioner's appointed counsel filed an administrative remedies form on his behalf.

On March 31, 2022, the Board once again modified its order to recommit, granted Petitioner credit for periods of time at Alle-Kiski Pavilion, and recalculated Petitioner's maximum sentence date to April 22, 2024. This included 519 days of confinement time, and 1,306 days of backtime owed. On April 1, 2022, the Board mailed Petitioner an explanation of its decision.

On April 29, 2022, the Huntingdon County Public Defender filed a petition for review in this Court on Petitioner's behalf, attached a *pro se* petition for review as an exhibit, and requested that conflict counsel be appointed since the office could not zealously advocate for Petitioner due to his claims of ineffectiveness. Petitioner filed a *pro se* ancillary petition, requesting appointment of new counsel. Counsel was appointed and filed an amended petition for review, asserting that the Board had failed to credit Petitioner's original sentence with all of the time to which he was entitled. *See* Am. Pet. for Rev., 10/7/22, at 1-2.

On December 30, 2022, Counsel filed a *Turner*/*Finley* letter and an application to withdraw as counsel, asserting that Petitioner's issues either lacked merit or were waived. Petitioner *pro se* filed a response in opposition to the letter,

4

contending that the Board failed to credit him for time from November 21, 2019, through January 31, 2020.  *See* Pet'r's Br. at 2-5.

## II. *TURNER/FINLEY* REQUIREMENTS

We first consider whether Counsel's letter and application to withdraw comply with the *Turner*/*Finley* requirements.  A *Turner*/*Finley* letter must detail "the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw." *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (citation omitted).

Further, counsel must "send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." *Id*. (citation omitted).  If counsel satisfies these technical requirements, we must then conduct our own review of the merits of the case. *Id.* If we agree that the claims are without merit, we will permit counsel to withdraw and deny relief. *Id*.

Counsel has identified a number of issues raised in Petitioner's *pro se* appeal and which the Board addressed in its opinion.  Petitioner contends he was improperly denied credit for several periods of time served in various halfway houses and correctional facilities, including Alle-Kiski Pavilion, Westmoreland County Jail, SCI-Benner, and Armstrong County Jail.  *See* Counsel's Br. at 7-10.

Additionally, Counsel identified issues Petitioner had sought to raise but were deemed waived by the Board.  Petitioner contends that he should not have lost his street time. *See id.* at 11-12.  Petitioner claims that the Board violated the *ex post facto* clause by not crediting him with additional time spent at Alle-Kiski Pavilion.  *See id.* at 13-15.  Finally, Petitioner claims that the "deliberate

5

indifference" of the Board to the right to the credit Petitioner seeks constituted a violation of the Eighth Amendment. *See id.* at 15-16.

In his *pro se* response to Counsel's *Turner/Finley* letter, Petitioner contends that the Board erred by failing to credit him for time served from November 21, 2019, through January 31, 2020, and for failing to articulate its reasoning for denying him credit. *See* Pet'r's Br. at 4.

As discussed, *supra*, under the *Turner* standard, counsel's letter must detail "the nature and extent" of his review, and list "each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless." *See Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 26 (Pa. Cmwlth. 2009). Here, Counsel's *Turner/Finley* letter sets out the procedural history of the case, reflecting Counsel's review of the record, and advises Petitioner of his rights relative to the letter. Counsel also discusses the issues raised by Petitioner, splitting each claim into periods of time that Petitioner asserted should have counted towards his original sentence. *See* Counsel's Br. at 7-16. Counsel provides various reasons as to why the Board did not err in recalculating Petitioner's maximum sentence date. *See id.*

However, Counsel does not discuss the Board's iterative rulings where, rather than addressing Petitioner's various challenges, the Board, on May 26, 2021, and March 31, 2022, modified Petitioner's maximum sentence date and dismissed the serial objections filed as moot without addressing the substance of Petitioner's issues. In *Hughes*, we disapproved of such measures, noting that there was no authority to support the finding of mootness. *Hughes*, 977 A.2d at 26. Counsel does not identify this as a potential issue of merit.

Additionally and further complicating this matter, during the time in between the petitions and modification of the order to recommit, the Armstrong

County trial court vacated Petitioner's state sentence and attempted to resentence him to county incarceration with immediate parole. This change altered the method of calculating Petitioner's incarceration.

Where a parolee is detained on a Board warrant *and* does not post bail, that confinement time is applied to his new sentence, not his original sentence. *See Gaito v. Pa. Bd. of Prob. & Parole*, 563 A.2d 545, 547 (Pa. Cmwlth. 1989). Further, "[u]pon recommitment as a CPV, the parolee must serve the remainder of the term which he would have been compelled to serve had he not been paroled[.]" *Barnes v. Pa. Bd. of Prob. & Parole*, 203 A.3d 382, 387 (Pa. Cmwlth. 2019). When a parolee is sentenced to a new state sentence, he must serve the original sentence first, *prior to serving the new sentence*. *See* 61 Pa.C.S. § 6138(a)(5)(i). However, if a parolee is sentenced to a new county sentence, he must serve the new term before serving the balance of his original sentence. *See id.* § 6138(a)(5)(iii). A parolee does not become available to serve his original sentence until the Board recommits him. *See White v. Pa. Bd. of Prob. & Parole*, 276 A.3d 1247, 1253 (Pa. Cmwlth. 2022) (citing *Campbell v. Pa. Bd. of Prob. & Parole*, 409 A.2d 980 (Pa. Cmwlth. 1980)). Finally, where a sentencing court orders a new sentence and backtime owed on an original sentence to be served concurrently in a manner prohibited by the Prisons and Parole Code, the Board does not err by ordering that sentences be run consecutively regardless of the sentencing court's orders. *See Kerak v. Pa. Bd. of Prob. & Parole*, 153 A.3d 1134, 1140-41 (Pa. Cmwlth. 2016) (holding that Board did not err in ordering backtime on original sentence and new sentence to be run consecutively, despite the fact that the trial court had ordered them to run concurrently).

7

Instantly, the record reflects that Petitioner was arrested on new charges and held without posting bail on April 5, 2019.[7] *See* Resp. to Admin. Remedies Form, mailed 4/1/22. The Board lodged a detainer the same day. *See id.* Petitioner was sentenced on November 21, 2019, in Armstrong County to a 1- to 2-year state sentence; the Board again lodged a detainer. *See id.* He waived his right to counsel, and a revocation waiver was recorded on January 31, 2020. *See* Revocation Hr'g Executed 1/31/20. Petitioner then began serving the balance of his original sentence. Subsequently, Petitioner was resentenced on September 24, 2020, to 12 to 24 months of county time. He was given credit for 540 days towards this new county sentence and paroled the same day. *See* Resp. to Admin. Remedies Form, 4/1/22.

The Board did not address the period of time, from November 21, 2019, through September 24, 2020, when Petitioner had been serving time on his state sentence. Counsel explains that Petitioner could not begin serving backtime prior to a new state sentence until there was an extant recommitment order, and concludes that the Board's actions were not in error because the earliest Petitioner's state parole recommitment could have started would have been the date of the re-sentencing order. *See Turner* Letter at 10-11.

The Board's order and Counsel's letter do not explain the application of credit for the time between November 21, 2019, and September 24, 2020. It appears that this time should have applied to his original sentence. *See* 61 Pa.C.S. § 6138(a)(5)(i). However, when the trial court vacated that sentence and resentenced him to county time, he was required to serve county time first and, at that point,

---

[7] In his *pro se* administrative remedies form, Petitioner asserts that he is entitled to time from April 4, 2019, through January 31, 2020. *See* Admin. Remedies Form, 6/1/20, at 1. However, the record reflects that he was arrested on new charges on April 5, 2019. *See* Criminal Arrest & Disp. R., executed 1/9/20.

8

should have been entitled to pre-sentence time credit. *See, e.g.*, *Gaito*, 563 A.2d at 547. The Board noted only that "[b]ecause [Petitioner] was ultimately sentenced to county incarceration, . . . he must serve the new sentence first." *See* Resp. to Admin. Remedies Form, 4/1/22, 3-4. Counsel's *Turner* letter does not identify this as a potential issue of merit.

For these reasons, we deny Counsel's application to withdraw.

### III. CONCLUSION

Counsel has not fulfilled the requirements of *Turner*/*Finley*, and our independent review of the record identifies potential issues of merit. Accordingly, we deny Counsel's application but grant Counsel leave to file an amended application for leave to withdraw and no-merit letter within 30 days. Alternatively, Counsel may file a brief in support of the petition for review. *See Zerby*, 964 A.2d at 960; *Hughes*, 977 A.2d at 26.

LORI A. DUMAS, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Randall J. Eckman,                                :
                             Petitioner            :
                                                  :
            v.                                     :        No. 894 C.D. 2022
                                                  :
Pennsylvania Parole Board,                        :
                             Respondent            :

# **O R D E R**

AND NOW, this 8th day of May, 2024, the Application to Withdraw, filed by appointed counsel, David Crowley, Esq., on December 30, 2022, is DENIED. Within 30 days, appointed counsel shall file an amended Application to Withdraw or, alternatively, an appellate brief in support of Randall J. Eckman's Petition for Review.

_____

LORI A. DUMAS, Judge